INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
A. E. JACKSON.

Decided February 25, 1901.

**1.—Evidence—Expert Testimony—Harmless Error.**

It was harmless error, if error at all, to admit the testimony of an expert witness for the purpose of showing the manner in which a coemploye should have performed his task, if he had been competent, where testimony of such witness showing the proper manner of doing the work had already been permitted by appellant to go before the jury without objection.

**2.—Same—Master and Servant—Servant's Incompetency.**

Upon an issue as to whether a servant's incompetency was known to the master, or by the use of ordinary care should have been known, evidence of the servant's general reputation among his fellow workmen for competency or incompetency in the work for which he was employed, was admissible, the witnesses who testified thereto qualifying themselves as experts.

**3.—Master and Servant—Charge—Qualifications of Liability.**

While it is probable the better practice for the charge to state the qualifications of the master's liability, such as may arise from contributory negligence and assumed risk, in immediate connection with the statement of such liability, yet a failure to do so does not necessarily operate to confuse or mislead the jury where in connection with the statement of the liability, reference is made to previous portions of the charge where such qualifications are specifically stated.

Appeal from Anderson.   Tried below before Hon. A. B. Lipscomb.

*N. A. Steadman, W. B. Teagarden,* and *G. H. Gould,* for appellant.

*Campbell & McMeans,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This action was brought by the appellee against the appellant to recover damages for personal injuries to appellee alleged to have been caused by the negligence of appellant.

The petition alleges that on December 4, 1899, the plaintiff was in the employment of defendant in the capacity of coach carpenter in defendant's shops in the city of Palestine; that while so employed it became

necessary for him on said date, in the performance of his duty as such coach carpenter in the construction of a passenger coach in said shops, to get upon a scaffold, and while thereon to place and adjust and to aid in placing and adjusting to said coach a certain iron plate commonly known as a side vestibule plate; that said vestibule plate, in order to be properly adjusted, had to fit tightly in mortices in posts and blocks on the side of said coach; that plaintiff and one E. Cossett, who was also employed by the defendant as a coach carpenter and who was then working with plaintiff on said coach, raised said iron plate and rested its lower edge in the lower side of said mortices; that it then became necessary to put a clamp upon said plate to hold it in said mortices, and that plaintiff requested said Cossett to hold said plate in position until he could reach and secure a clamp therefor, and said Cossett answered that he would do so; that thereupon plaintiff released his hold upon said plate, turned his body slightly, stooped and picked up a clamp off the floor of the scaffold, and as he was raising said clamp Cossett negligently released his hold on said plate and negligently struck it with a hammer, causing the said plate to slip out of the mortice and to fall edgewise on plaintiff's foot, breaking the bones and ligaments thereof and otherwise bruising, wounding, and mangling the same, and thereby rendering plaintiff a cripple for life; that the said Cossett was incompetent as a coach carpenter, and was careless, unsafe, and negligent as such, and wholly unfit for the duties devolving upon him in that capacity, all of which was known to the defendant, or could have been known to it by the use of ordinary care, but was unknown to plaintiff; that the defendant was guilty of negligence in employing said Cossett and in retaining him in its service, and that plaintiff's injuries were caused by said negligence of defendant. The petition asks damages for physical and mental pain and anguish suffered by plaintiff as the result of said injuries, for loss of time and wages and for permanent impairment of capacity to earn money, the damages so claimed aggregating the sum of $20,000.

The answer of defendant contains a general denial and pleas of assumed risk and contributory negligence, and also avers that the work upon which Cossett and plaintiff were engaged at the time of the alleged accident was not such as required skill or experience in its performance, and that if plaintiff was injured as alleged, such injury was caused by the negligence of a fellow-servant for which the defendant was not liable. The trial of the cause by a jury in the court below resulted in a verdict and judgment in favor of the plaintiff for $5000, from which judgment the defendant prosecutes this appeal.

We conclude from the evidence in the record that the appellee was injured in the manner and under the circumstances alleged in his petition; that E. Cossett, by whose negligence appellee was injured, was inexperienced and incompetent as a coach carpenter, and was a careless and unsafe person and unfit for the performance of the duties required of a coach carpenter; that appellant, by the exercise of ordinary care,

could have discovered at the time it employed him the incompetency and unfitness of said Cossett for the discharge of the duties of a coach carpenter, and was informed of such incompetency and unfitness of the said Cossett prior to the injury to appellee. It was not the custom of appellant to employ incompetent and inexperienced men as coach carpenters, and appellee had no knowledge of the incompetency and unfitness of said Cossett, never having worked with him before the time of the injury.

The negligence of the appellant in employing the said Cossett without using ordinary care to ascertain whether or not he was a competent and safe person for the performance of the duties required of him, in retaining him in its employment after knowledge of his incompetency and unfitness, was the direct cause of the injury to the appellee. The injury to appellee's foot is permanent; the arch of the foot is broken down, which causes appellee to suffer severe pain whenever he uses the foot. As a result of said injury appellee's capacity to earn money has been permanently impaired, and he has been damaged in the amount found by the jury.

Appellant's first assignment of error complains of the action of the trial court in permitting the witness Johns to testify, over the objection of the defendant, that under the circumstances existing at the moment of the accident Cossett, if he had been a competent and careful man, would have held the plate while appellee picked up the clamp. The proposition urged under this assignment is that said testimony was inadmissible because the duty of a man under such circumstances was not a question of expert testimony, and the evidence was immaterial because no skill was required to perform the feat. While it may be true that it required no skill to hold the plate in position, the evidence shows that it required skill and experience to properly adjust the plate in the mortices in the side of the coach, and that a competent coach carpenter would have used a clamp for this purpose, and would not have attempted to force said plate in the mortices by striking it with a hammer without first having fastened it with the clamp. The witness Jones was an expert coach carpenter, and in explaining the proper method in which said plates should be placed in the side of a coach, he had previously stated, without any objection on the part of defendant, that one man should hold the plate in the edge of the mortice while the other put a hand screw or clamp on it. This testimony being before the jury without objection, if there was any error in admitting the testimony complained of in this assignment such error was harmless. Clarkson v. Whitaker, 12 Texas Civ. App., 483; Railway v. John, 9 Texas Civ. App., 342.

There is no merit in appellant's second and third assignments of error which complain of the action of the trial judge in permitting certain witnesses for the plaintiff to testify over the defendant's objection that the general reputation of Cossett among his fellow workmen for competency and care as a coach carpenter was bad, and that in the opinion of said witnesses Cossett was incompetent, careless, and unsafe as a

coach carpenter. These witnesses had qualified as experts, and their opinion as to Cossett's competency was admissible; and testimony as to the general reputation of said Cossett was admissible on the issue as to whether or not the appellant exercised ordinary care to discover his incompentcy. Railway v. Scott, 68 Texas, 694; Railway v. Henning, 39 S. W. Rep., 302; Railway v. White, 56 S. W. Rep., 206.

We deem it unnecessary to consider in detail the various assignments presented in appellant's brief which predicate error upon the refusal of the trial court to give to the jury various special charges requested by appellant. In so far as any of said charges contain a correct statement of the law applicable to the facts in this case, the law has been properly applied to the facts in the case in the main charge of the court, and it was not error to refuse such special charges.

Appellant's seventeenth assignment of error complains of the fifteenth paragraph of the court's charge in that it sums up facts and conditions upon which the jury were directed to find absolutely for the plaintiff, if they found such facts and circumstances to exist, thereby excluding from the jury the issues of assumed risk and contributory negligence, and in these respects said paragraph is in conflict with the next succeeding paragraph and was calculated to confuse and mislead the jury. The paragraphs of the charge referred to are as follows:

"15. Bearing in mind the foregoing instruction, if you believe from a preponderance of the evidence that the witness E. Cossett was, by reason of incompetency or recklessness, unsafe for his fellow servants to work with, and that the fact was known to the defendant, or to its foreman, charged with the duty of investigating or inquiring as to such matters, or that such fact could have been known to him by the use of ordinary diligence, and you further believe that plaintiff at the time and under the circumstances hereinbefore set out, told the said witness to hold the vestibule plate in position while plaintiff stooped for a hand screw or clamp, and that Cossett replied that he would, and that plaintiff thereupon let go his hold upon said plate and stooped for a hand screw or clamp, and that thereupon the said Cossett let go said plate and struck it with a hammer, causing it to fall and strike and injure plaintiff, and that said act was negligent on the part of said Cossett, and that plaintiff's foot would not have been injured if there had been an ordinarily competent and careful person in the place of said Cossett, and that said injury was directly traceable to the incompetency or recklessness (if any) of said Cossett, and that it was such injury as might reasonably be contemplated as a probable consequence of employing such a man as Cossett as a coach carpenter, then you will find for the plaintiff.

"16. If you believe that in the acts of the parties shown by the evidence as leading to the injury, the plaintiff was negligent, or that by the exercise of ordinary care plaintiff might have prevented injury to himself, or if you believe that plaintiff's injury resulted from an assumed risk, or that plaintiff knew of Cossett's incompetency and recklessness (if any), or knew of facts that would make same a reasonable

inference, or if you fail to find that the injury (if any) resulted from negligence on the part of Cossett, or if you fail to find that the defendant was negligent in employing the said Cossett or in retaining him in its service, then you will find for the defendant."

In previous paragraphs of the charge the issues of assumed risk and contributory negligence as raised by the pleading and evidence in the case were fully explained to the jury, and the jury were told that in no event could the plaintiff recover if the risk of such injury was assumed by him in entering or remaining in the employment of the defendant, nor if his own negligence contributed to the injury, and in the paragraph of the charge complained of the jury are reminded of the instructions therefore given them and the instructions given in said paragraph are expressly qualified by said preceding instructions.

While it is probably the better practice to state the qualification of the liability in connection with the statement of the liability, we can not hold that the failure to do so, where such qualifications are referred to in connection with the statement of the liability, was calculated to confuse or mislead the jury. Taking the charge as a whole we think it could not have been misunderstood by the jury.

We think none of the objections urged by appellant to the charge of the court are valid, and deem it unnecessary to discuss any of the remaining assignments of error. Finding no error in the record, the judgment of the court below must be affirmed, and it is so ordered.

*Affirmed.*