Gaines, Associate Justice.
Appellee was employed as a watchman to a pile driver, train and engine on appellant’s road, and received an injury by the explosion of a boiler. He brought this suit against appellant to recover damages for his injuries, and obtained a verdict and judgment in the court below.
One Faker was foreman in defendant’s repair shop, and his deposition was taken in the case on behalf of the company. In a cross interrogatory, he was asked if the engineer in charge of the pile driver engine, at the time the boiler exploded, was competent. His answer was ‘T think not.” During the progress of the trial, plaintiff’s counsel proposed to read this answer, and defendant, by counsel, objected, on the ground that the witness did not have sufficient knowledge of the engineer to qualify him to give an opinion as to his competency; and, in support of his objection, read to the court the answers of the witness to an interrogatory in another suit, between one Quinn and this defendant. In this latter deposition, speaking of the engineer, witness said: “I do not know anything about the competency, carelessness or skill of the. said Stalzreidie. I never saw him until February 5, 1886. I did not employ him. I do not know that his character was known to the person that employed him. I do not know how long he had been in the employ of the defendant.” The accident occurred on the sixth day of February, 1886. The court overruled the objection and admitted the answer of the witness offered by plaintiff. We have been somewhat at a loss to know how the deposition of a witness, taken in another cause, came to be used in evidence. We might have considered that, although this answer was read to the judge and inspected by him, as shown by the bill of exceptions, it was dis- : regarded by him in passing upon the objection. But we find the ¡same answers from the same deposition incorporated in the state *699 ment of facts, and hence must conclude that they were read in evidence to the court and jury without objection on part of plaintiff’s counsel.
Considering the answer which was objected to by defendant, in the light of this testimony, we are of opinion that "the court was in error in permitting it to be read to the jury. In view of the explicit statement that the witness knew nothing of the competency of Stalzreidie, his opinion as to his competency should have been excluded. Faker being the foreman of defendant’s shops, we might consider that he had sufficient knowledge and experience as to the qualifications and duties of an engineer to qualify him to give his opinion as an expert concerning the capacity of any one whose capacity he knew. But however thorough his experience, his opinion as to the competency of a person about whom he knew nothing, was inadmissible. The witness had previously stated, in his deposition taken in this case, that he saw the engine the day after the accident, and that the boiler indicated that it was in good repair, and in his opinion the explosion was caused by an over pressure of steam. It is likely that from this fact he thought the engineer incompetent. Incompetency can not be thus established. To permit it to be inferred from a single act of negligence, and from this the further inference to be drawn that the master was negligent in employing an incompetent servant, would result in the servant’s recovering of the master in every case where injuries were caused by the negligence of a fellow servant.
It is held in Pennsylvania that where it is sought to charge the master by reason of his knowingly employing an incompetent servant, the servant’s character must be shown by general reputation, and not by specific acts. (Frazier v. Pennsylvania R. R. Co., 38 Pa. State, 104.) But this is not one of the grounds of the objection to the testimony in this case, and therefore the question is not before us. We think the court erred in permitting the answer of the witness to be read, which gave his opinion as to the competency of the engineer, the evidence submitted with the objection showing that he did not know the engineer’s qualifications in that respect; and that for this error the judgment must be reversed.
In regard to appellant’s second and fifth assignments of error, we will say that the general charge gave, in our opinion, the appropriate instructions upon the subject to which those assign *700 snents relate. If the plaintiff was subject to control of Sprague 'and was ordered by Sprague to go with the engine, and he .-obeyed, although it was not in the line of his duty as a watch¡anan, and if it was customary in the company’s service for emiployes to obey orders to do duty outside of their regular employment, then plaintiff was on duty while properly attending the engine. The other assignments relate to the sufficiency of the evidence to sustain the verdict, and since the case is to be reversed upon another ground they need not be discussed.
Opinion delivered October 28, 1887.
For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.