THE GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. C. ROWLAND.

No. 6996.

1. **Testimony.** — In an action for personal injuries inflicted upon plaintiff in alighting from a car from alleged negligence of the railway company in not stopping a sufficient time at the depot, the defense had proved that on the occasion of the injury the train was stopped as long or longer than usual, it was not irrelevant or erroneous to allow the plaintiff to prove that about the time of the injury the trains of the defendant frequently passed that station without stopping a sufficient length of time to enable passengers to leave the train.

2.  **Irrelevant Testimony—Other Distinct Acts of Neglect.**—In such action the plaintiff over objection was allowed to prove by a witness "that some short time before and about the day of plaintiff's injury a lady fell on the platform at Lometa (the place of the injury) while alighting from the defendant's train of cars; that witness did not see her fall, but saw her getting off the train and heard his brother say 'there,' and looked and saw her getting up from the platform and the train moving off; that he did not know how long the train stopped at that time, but it only stopped for a very short while.  Supposed she would not have fallen if the train had stopped long enough for her to get off."  There was no claim for exemplary damages.  *Held:*

1.  That the testimony was wholly irrelevant to any issue then before the court.

2.  It can not be held to have been harmless, the testimony being conflicting, and it is ground for reversal.

3.  **Custom—Negligence.**—It would seem that a custom or the habitual conduct of a defendant is not admissible to show the existence or absence of negligence in a given case.  This fact, negligence, must be proved by the circumstances of the identical case under investigation.

4.  **Scienter—Other Acts Admissible.**—In some instances evidence of other acts of negligence or of distinct torts committed by the same party have been admitted to show the knowledge or intent of the wrongdoer in doing the very act which is the subject of investigation.

APPEAL from Lampasas.  Tried below before Hon. W. A. BLACK-BURN.

The opinion states the case.

*Mathews & Wood* and *J. W. Terry*, for appellant.—1.  The court erred in admitting the evidence, over objection of the defendant, "that about and before the 3d of December, 1886, the defendant's passenger train would often and frequently pass Lometa without stopping a sufficient length of time to enable passengers to leave the train.  Sometimes it would barely stop, and after starting again would have to move back for the passengers to disembark."

The evidence objected to tended to prove no issue in the case, and its admission was material error.  The issue was, how long the train stopped on the particular occasion, and not what it did on other occasions.  If such evidence be admissible, then the defendant would be entitled to call the train crews of each day, the passengers of each day, and all bystanders of each day for every day about and before December 3, 1887; the trial would proceed for a practically interminable period, and the true issues of the case would be beclouded by multitudes of collateral issues.  Moreover, the issue made by the pleadings gave defendant no notice that such evidence would be offered, and in the nature of things it could not anticipate how much of such character of evidence might be offered, and hence could not come prepared to meet the same.  Railway v. Evansich, 61 Texas, 3.

2.  Evidence that another accident had previously occurred to another person when alighting from the train at Lometa was incompetent

and irrelevant, and was not admissible for the purpose of showing a custom of defendant to run its train past Lometa without stopping long enough for passengers to disembark.    Railway v. Scott, 68 Texas, 694; Hudson v. Railway, 59 Iowa, 581; Same Case, 8 Am. and Eng. Ry. Cases, 464; Jeff v. Railway, 31 Am. and Eng. Ry. Cases, 532; Early v. Railway, Id., 30; Davis v. Railway, 8 Ore., 172; Collins v. Dorchester, 6 Cush., 396; Parker v. Publishing Co., 69 Me., 173; Hubbard v. Railway, 39 Me., 506; Kidder v. Dunstable, 11 Gray, 342; Aldrich v. Pelham, 1 Gray, 510; Blair v. Pelham, 118 Mass., 420; Gahagan v. Railway, 1 Allen, 187; Railway v. Woodruff, 4 Md., 242; Schoonmaker v. Wilbraham, 110 Mass., 134; Maguire v. Railway, 115 Mass., 239; Railway v. Lee, 60 Ill., 501; Branch v. Libbey, 78 Me., 321; Ogle v. Brooks, 87 Ind., 600; Edwards v. Nav. Co., 39 N. C. (Q. B.), 264; Turnpike Co. v. Leonard (Md.), 27 Am. and Eng. Ry. Cases, 200.

*A. S. Fisher* and *John C. Townes*, for appellee.—1. The appellant had offered testimony to show that on the occasion on which appellee was injured the train had stopped the usual time for that station and other stations of like character.  The testimony complained of was introduced in rebuttal and to show what was the usual time for stopping at said station.  No objection was made to the testimony as being only an opinion of the witnesses, but solely that it was irrelevant.

2.    Testimony of former accidents of the same kind, at same place, was admissible on question of reasonableness of length of stop.   The issue here was, was the stop a reasonable one?

3.    If it be conceded that the testimony was irrelevant, it was harmless error.   All the witness swore to was that on one occasion, either the day appellee was hurt or just before that, he saw a woman getting up from the platform of the depot at Lometa and the train moving off from the depot at the same time.  All the other statements made by him, and of which appellant complains, were expressly withdrawn by him.

MARR, JUDGE, *Section A.*—Appellee's counsel agree to the statement of the case as made by appellant and make no objections to his statements of the evidence.   The following is from the brief of counsel for the appellant, viz.:

"This suit was instituted by J. C. Rowland, the appellee, against appellant, the Gulf, Colorado & Santa Fe Railway Company, on January 20, 1887, to recover for injuries alleged to have been sustained by appellee while attempting to alight from one of defendant's cars.   The injuries are alleged to have been sustained on or about the 4th day of December, 1886.   The petitioner alleges that on that day he was a passenger on defendant's cars, intending to disembark at Lometa; that

when the train of cars arrived at Lometa, it then being night and very dark, notice was then given by the conductor of the train to plaintiff of the arrival of the train, and plaintiff was notified by him to get off; that immediately thereafter said train stopped at said station, and plaintiff, believing that he would have sufficient time to safely disembark at the proper place from said train, and while he was disembarking and partly on said train and partly off, the defendant's agents and servants in charge of said train, without any fault or negligence on the part of plaintiff, negligently and with a full knowledge of the danger to plaintiff, and with reckless disregard, etc., suddenly moved their engine and train of cars without stopping a sufficient length of time to allow plaintiff to disembark safely, thereby violently throwing him against the station platform and house, seriously and permanently injuring him, etc., wherefore plaintiff prays for actual damages in the sum of $20,000, etc.

"The defendant's answer consisted of general exceptions, general denial, and a plea of contributory negligence; alleging that plaintiff's injuries were caused by his negligently and unnecessarily jumping from one of defendant's trains when it was in motion. The case was tried on November 24, 1888, the trial resulting in a verdict and judgment for $14,583 actual damages.

"[Note.—The judgment recites a verdict for $4583, but appellant concedes that to be error, and admits that the verdict was for $14,583, the amount for which the judgment was rendered.]"

We have carefully considered all of the assignments of error presented by the appellant, but in the view which we take of the case it will not be necessary to advert to each of them in this opinion.

The twelfth assignment of error is that the court erred in admitting the evidence of the witness J. F. Brown over the objections and exceptions of the defendant, as stated in its bill of exceptions No. 1, as follows: "That about and before the 3d of December, 1886, the defendant's passenger train would often and frequently pass Lometa without stopping a sufficient length of time to enable passengers to leave the train. Sometimes it would barely stop, and after starting again would have to move back for the passengers to disembark."

The evidence shows that the acts of the defendant's servants, of which the plaintiff complains, occurred upon the 3d day of December, 1886. We might have some doubt of the admissibility of the evidence referred to in the above assignment as an original proposition under the facts and issues in this particular case, but as the defendant had first been allowed to go into this subject and had introduced the evidence of several witnesses that the train upon the day in question stopped "as long" or "longer than usual," we think that the plaintiff was entitled to show in rebuttal how long it had been in the habit of stop-

ping at the station (Lometa), in order to enable the jury to determine the weight of the defendant's evidence upon that subject, and perhaps also to measure the duration of the stoppage of the train upon the particular occasion at issue.

The thirteenth assignment of error presents a question somewhat analogous to the preceding, but, as we think, very different in fact when considered in its legal bearing under the issues of this controversy. It is as follows:

"The court erred in admitting over the objections and exceptions of the defendant, as stated in his bill of exceptions No. 2, the evidence of the witness William Rahl, to the effect 'that some short time before and about the 3d of December, 1886, a lady fell on the platform at Lometa while alighting from the defendant's train of cars; that he (witness) did not see her fall, but saw her getting off the train, but heard his brother say, "There!" and looked and saw her getting up from the platform and the train moving off; that he did not know how long the train stopped at that time, but it only stopped a very short while. Supposed she would not have fallen if the train had stopped long enough for her to get off.'"

The chief objection to the admission of this testimony as made by the appellant is that it was wholly irrelevant to any issue then before the court. The claim for exemplary damages was abandoned and not submitted to the jury.

In some instances evidences of other acts of negligence, or of distinct torts or crimes committed by the same party, have been admitted to show the scienter or knowledge or intent of the wrongdoer in doing the very act which is the subject of the pending controversy. Whart. on Ev., sec. 30, et seq. Generally, however, in criminal cases they are confined to contemporaneous acts, as developing the res gestæ, or if resort is had to former acts, then for the purpose of disclosing the motive, etc. Authorities everywhere. The general rule is practically the same in both civil and criminal cases so far as applicable.

It has been held in this State that in an action to recover for injuries inflicted upon one child on account of the defendant's turntable being unfastened, evidence that another child was injured upon the same day and at the same turntable was admissible to show knowledge upon the part of the company of the condition of the table and of their duty to have fastened it thereafter, to prevent other injuries. Railway v. Evansich, 63 Texas, 54; Railway v. Measles, 81 Texas, 474. Somewhat analogous decisions have been made in reference to the admission of the evidence of the general bad condition of the railway track, and as to the engines of the company being defective or not provided with suitable fire arresters, in actions for the burning of grass on account of the escape of sparks and cinders, etc. Railway v. De Milly, 60 Texas, 194; Railway v. Taylor, 79 Texas, 104; 2 Ct. App. C. C., secs. 681, 654.

But upon the other hand, it is strongly intimated in the opinion of the Supreme Court that the incompetency of a servant and the knowledge thereof upon the part of the master can not be shown by proof of specific acts of negligence committed by the servant, but the inquiry should be directed to his general reputation. Railway v. Scott, 68 Texas, 694. In the present case there is no issue raised as to the incompetency of any of appellant's servants.

It would seem also that custom or the habitual conduct of the defendant is not admissible to show the existence or absence of negligence in a given case. Railway v. Evansich, 61 Texas, 6; Whart. on Ev., sec. 39. Though not necessary to the decision of the precise point determined in the case last cited, still it seems to us that, in the absence of questions of knowledge or intent, Judge Stayton announced the correct rule in the opinion then delivered when he said, "In such cases it would seem that the question whether negligence exists must be determined by the facts in the very case in which the question arises." This appears to be in accord with the current of the authorities. Railway v. Evansich, supra, and authorities there cited. "As a general rule it is inadmissible, when the issue is whether A did a particular thing, to put in evidence the fact that he did a similar thing at some other time. To admit evidence of such collateral acts would be to oppress the party implicated by trying him on a case as to which he has no notice to prepare, and sometimes by prejudicing the jury against him by publishing offenses of which, even if guilty, he may have long since repented or condoned. Trials would by this process be injuriously prolonged, the real issue obscured, and verdicts taken on side issues. Ordinarily when a party is sued for damages flowing from negligence imputed to him, it is irrelevant, for reasons already given, to prove against him other disconnected though similar negligent acts." 1 Whart. on Ev., secs. 29, 40; Coale v. Railway, 60 Mo., 233. In the case of Railway v. Maguire, 115 Massachusetts, 240, the Supreme Court of that State, in discussing the very question in hand upon facts essentially identical as to the point at issue, among other things say: "The question for the jury, supposing the plaintiff had satisfied them that he was in the exercise of due care, was as to the exercise of the like degree of care on part of the defendant at the time of the accident. The fact that the same driver had at some other time been guilty of careless or unskillful management could have no legitimate bearing upon the question as to the care or skill exhibited at the time in controversy." In that case the plaintiff claimed that he had been injured on account of the car having been stopped too suddenly, and offered evidence that on former occasions the driver had stopped the car in the same manner, evidently for the purpose of showing negligence at the time he was injured. The court reversed the judgment on account of the admission of the testimony, though plaintiff's counsel "yielded to the objection"

when it was made, and "did not further pursue the inquiry." The court say: "The only way to prevent the jury from regarding it as legal and material was to give them a distinct ruling that it was *not* so, and this does not appear to have been done."

We conclude that the evidence of the witness Wm. Rahl, above recited, came under the operation of the general rule and not under any of the exceptions thereto, and ought therefore to have been excluded by the court below, as irrelevant, from the consideration of the jury. If the plaintiff could prove one other distinct act of negligence, then he would have the same right to prove a hundred; and upon the other hand the defendant would unquestionably in that contingency be entitled to disprove these acts or to explain and show that none of them amounted to culpable negligence, etc. Thus the court and jury would be forced into an interminable trial of purely collateral issues. This alone ought to present ordinarily an insuperable objection to the admission of evidence of this character. But appellee's counsel insist that the admission of the testimony was harmless, even if it was erroneous, because they say that the witness in effect withdrew his statements as to the injury of the woman. We can not take this view of the subject. On the contrary, we think that the appellant's counsel has correctly stated the effect of this testimony. But we will insert the whole testimony of this witness as given in the brief for the appellee. The italics are used by the appellee's counsel. The following is the entire testimony of this witness upon this subject:

"About the time that I saw Rowland, either a short time before or after, I saw a woman getting up off the depot platform, and the train was moving away from the station. I came out of the depot and heard my brother cry out, 'There!' and looked around and saw a woman getting up from the platform. If the train had stopped long enough for her to have got off I don't suppose she would have fallen, but I don't know how long the train did stop on that occasion. *I did not notice the train when it came in. I was in the depot. All I know is that I saw a woman rising from the platform and the train moving out.* It was somewhere near the same time that Rowland is said to have fallen."

[The witness does not mean that he saw the woman upon the occasion when the plaintiff was injured. It is admitted in the brief of the appellee that it was at a different date.] It is evident that the witness did not withdraw the force and effect of his statements. If he did not know anything about the facts, that would be an additional reason for excluding his testimony. Appellant, however, did not object upon that ground. The witness still says that he heard the exclamation of his brother and looked and "saw a woman getting up from the platform and the train moving out." "If the train had stopped long enough, he does not suppose she would have fallen," etc. Admitted over the

objection of the defendant, in the presence of the jury and without any admonition or instruction from the court to disregard it, the testimony in all reasonable probability created in the minds of the jurors the very views entertained by the witness of the occurrence. Maguire v. Railway, *supra*. We can well understand how these facts could be pressed upon their consideration by counsel, and how they were very apt, upon their part, to conclude that if the servants in charge of the train did not allow the woman time to alight with safety, for that reason the train was started too soon upon the occasion when the plaintiff was injured. In other words, if the servants of the defendant had been guilty of negligence toward the woman, that would be proof of negligence toward the plaintiff. At least the jury, for aught the record discloses, may have drawn such inferences. It could have been offered for that purpose only, and was calculated to prejudice the minds of the jury. Especially, too, does the admission of this testimony become important when we consider the state of the other testimony upon the question of negligence and contributory negligence presented by other assignments of error.

We are not required to and do not hold that the evidence is insufficient to support the verdict in these particulars. We deem it proper, however, to call attention to the fact that the main evidence offered to show that the train did not stop for a reasonable time on the 3d of December is that of the plaintiff himself. The same may be said of contributory negligence upon his part. He is the chief if not the sole witness who vindicates the carefulness of his conduct on that occasion. Numerous witnesses testify to facts tending strongly to disprove his statements. Hence the importance of the admission of the testimony of Rahl, since the jury may have regarded it as corroborating plaintiff's version of the accident.

If there are any other errors in the record they will not probably occur upon another trial.

We conclude that, on account of the error before indicated, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*