## Texas and Pacific Railway Company v. T. C. Frank.

### Decided June 14, 1905.

**1.—Damages—Personal Injury—Loss of Time.**

Where the evidence showed loss of time, and its value, for a greater period and amount than that specifically claimed in the petition under this head, it was error to instruct the jury to consider, in case of recovery, any such loss which the evidence might show, not limiting recovery to the amount alleged; and, where the evidence was too indefinite to cure this by remittitur, such error was ground for reversal.

**2.—Railway—Frightening Team—Contributory Negligence—Charge.**

In an action for personal injury caused by the fright of a team at the passage of a railway train, where the charge given on contributory negligence was in general terms, it was error to refuse a requested charge, in proper form, applying the law to the specific facts in evidence. Requested charge on this subject approved.

**3.—Railway Crossing—Signals—Evidence—Custom.**

On the issue as to whether the required signals were given on the approach of a train to a railroad crossing, it was not competent for the engineer and fireman of the train to testify that it was their custom to give them.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*T. J. Freeman* and *Head, Dillard & Head,* for appellant.—Where the evidence would sustain a verdict for a larger amount than is claimed in the petition as to one of the items of alleged damage, it is affirmative error for the court not to restrict the recovery as to such item to the amount so claimed. City of Dallas v. Jones, 93 Texas, 38. That the evidence is too indefinite to cure this by remittitur. Texas & P. Ry. v. Taylor, 58 S. W. Rep., 844.

The court erred in refusing to give special charge number 11 requested by defendant, as follows: "It is the duty of everyone approaching a railroad track, driving a horse, to exercise ordinary care to discover, and guard against his horse becoming frightened by, the ap-

proach or presence of trains, and a failure to exercise such care, which proximately contributed toward causing an injury, will prevent a recovery therefor, and, in deciding as to whether or not such care had been exercised in a given case, all the circumstances are to be taken into consideration, such as the disposition of the horse, obstructions in the way of seeing the cars, and the like, and if you believe from the evidence that plaintiff failed to exercise such care in this instance, and that such failure proximately contributed toward causing his horse to become frightened, you will find for the defendant." Galveston, H. & S. A. Ry. v. Ryon, 80 Texas, 59; Missouri Pac. Ry. v. Artusy, 73 Texas, 191; Beach, Con. Neg., 183.

Where a suit of the kind in question is based upon alleged negligence on the part of the employes in failing to give the statutory signals when approaching a certain public crossing, such employes should be allowed to testify as to their habit or custom in reference to giving such signals for said crossing, notwithstanding they may not be able to remember whether this was done on the particular occasion in question, when their attention is first called to such alleged failure months after the occurrence. Texas & Pac. Ry. v. Crutcher, 82 S. W. Rep., 340; Craven v. Central Pac. Ry. Co., 72 Cal., 345; State v. Manchester & L. Ry. Co., 52 N. H., 549.

*M. M. McMahon* and *Thurmond & Steger,* for appellee.—In its motion for a new trial appellant did not claim nor set up that the damages awarded plaintiff for loss of time might be excessive, or were so; and appellant did not ask a charge limiting the amount recovered for loss of time to that alleged in the petition; but if the court should overrule this objection and uphold said assignment, then appellee says that it is willing to remit, and does here remit, any or all such sums as the court may find that the jury might have allowed in excess of that claimed in the petition. The court did not err in refusing the charges asked, because the matters of law covered by said charges were fully presented in the general charge and the special charges given at the request of appellant. Missouri, K. & T. Ry. Co. v. Thomas, 28 S. W. Rep., 139.

The court did not err in refusing to permit the witnesses Moore and Mann to testify that it was their habit and custom to give the statutory signals on approaching public crossings; and especially so, as there had been direct testimony introduced that no such signals were given at the time and place in question. International & G. N. Ry. Co. v. Gilbert, 64 Texas, 541; Moore v. Kennedy, 81 Texas, 147.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, and from a judgment in favor of the plaintiff the defendant prosecutes this appeal. The plaintiff alleged in his petition that he was confined to his bed ten days at a loss of $2.50 per day; that was the only averment in reference to loss of time. The plaintiff's testimony tends to show that he lost fifteen whole days of time, and parts of an uncertain number of other days on account of the injuries complained of, all of which time he testified was worth $2.50 per day.

As to the measure of damages the court instructed the jury as fol-

lows: "If you find a verdict for plaintiff you may, in estimating his damages, consider any injury to his buggy; any loss of time by him; any reasonable expense for physician; any reasonable expense for medicine, and any bodily and mental pain suffered by plaintiff, which the evidence may show is the direct result to plaintiff of the injuries, or damages, if any, caused by the negligence of defendant, and assess such amount as will, in your judgment, reasonably compensate him therefor."

This instruction is assigned as error, because it authorized the jury to allow the plaintiff more compensation for loss of time than was authorized by his pleading. The assignment is well taken, and, as there was testimony tending to show greater damage resulting from loss of time than was set up in the plaintiff's petition, the error complained of was material; and the evidence on the subject being too indefinite for the error to be cured by remittitur, a reversal must follow. (City of Dallas v. Jones, 93 Texas, 38; Texas & Pac. Ry. v. Taylor, 58 S. W. Rep., 844.)

We also hold that appellant's requested instruction number eleven should have been given. The court's charge on the subject of contributory negligence was general, while the requested instruction referred to was more specific; and, being correct in form, it was error to refuse to give it.

· No error was committed in refusing to permit the engineer and fireman who were running the train on the occasion in question to testify that it was their habit or custom to ring the bell and blow the whistle at the place where the accident occurred. (Missouri, K. & T. Ry. Co. v. Johnson, 92 Texas, 380.)

Some other questions are presented, on all of which we rule against the appellant.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*