SMALL et ux. v. SAN ANTONIO TRACTION CO.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912. Rehearing Denied June 5, 1912.)

1. CARRIERS (§ 345*)—CARRIAGE OF PASSENGERS — INJURIES — ACTIONS — EVIDENCE — ADMISSIBILITY.

In an action for injuries to a woman from being thrown while alighting from a street car, the testimony of a medical expert, that a pregnant woman is by nature and instinct much more cautious in undertaking any risk of personal injury than a woman not in such condition, was inadmissible upon an issue whether the car was yet moving when she attempted to alight, though she testified that she then knew herself to be pregnant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1400; Dec. Dig. § 345.*]

2. CARRIERS (§ 345*)—CARRIAGE OF PASSENGERS — INJURIES — ACTIONS — EVIDENCE— ADMISSIBILITY.

Where the issue is whether a street car passenger was careful in alighting at the time of her injury and waited until the car had stopped, evidence that she is habitually very cautious in anything involving the risk of any injury to her person is inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1400; Dec. Dig. § 345.*]

3. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR — EXCLUSION OF EVIDENCE.

The exclusion of the testimony of a medical expert bearing upon the question of the injured passenger's want of negligence in alighting from the car, and whether the car was moving when she attempted to alight, if error, was harmless, where she testified that she was always exceedingly careful in getting on and off cars, and the great preponderance of the evidence showed the car to have been moving at the time she attempted to alight and was injured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4206; Dec. Dig. § 1058.*]

4. CARRIERS (§ 347*)—CARRIAGE OF PASSENGERS—INJURIES—ACTIONS — SUBMISSION OF ISSUES.

Plaintiff's allegation and evidence that the street car had stopped when she attempted to alight, and that she was thrown and injured by its being suddenly jerked or moved after being so stopped, did not authorize or require the court to submit an issue as to whether the car was jerked while yet moving.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346–1397, 1402; Dec. Dig. § 347.*]

5. CARRIERS (§ 348*)—CARRIAGE OF PASSENGERS—INJURY—ACTIONS—INSTRUCTIONS.

Where the sole negligence relied on was the sudden moving of a street car claimed by plaintiff to have stopped before she attempted to alight and was thrown and injured, it is not error to instruct that there could be no recovery if the car was moving when she attempted to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1407; Dec. Dig. § 348.*]

6. CARRIERS (§ 348*)—CARRIAGE OF PASSENGERS—INJURIES—ACTIONS—INSTRUCTIONS.

In an action for injuries to an alighting passenger from being thrown by the sudden motion of the car after it had come to a stop, an instruction, that there could be no recovery if the passenger attempted to alight while the car was yet in motion, was not misleading; it not being possible for the jury to fail to understand that the motion referred to was that of the car while slowing down, and not a sudden motion of the car after it had stopped.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1407; Dec. Dig. § 348.*]

7. TRIAL (§ 244*)—INSTRUCTIONS.

In an action for injuries to an alighting passenger, an instruction that the jury should return a verdict for the defendant if they did not find from a preponderance of the evidence

that the car stopped and was started up while the passenger was alighting, but believed from the evidence that she stepped off the car while it was yet in motion, did not unduly emphasize the burden of proof and the preponderance of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

Appeal from District Court, Bexar County.

Action by William Small and wife against the San Antonio Traction Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

R. B. Minor, Perry J. Lewis, and H. C. Carter, all of San Antonio, for appellants. Templeton, Brooks, Napier & Ogden, of San Antonio, for appellee.

MOURSUND, J. Appellants Wm. Small and Margaret Small sued appellee, San Antonio Traction Company, to recover damages for personal injuries alleged to have been sustained by said Margaret Small, through the negligence of said company and its employés, while alighting from a street car of said company. Plaintiffs alleged that the car was brought to a stop for the purpose of permitting said Margaret Small to alight, that it did not stop long enough to permit her to alight, but when she was in the act of alighting defendant's servants in charge of the car negligently caused or permitted it to suddenly move, lurch, and jerk, and by reason of this negligence said Margaret Small was thrown violently to the ground. The case was tried before a jury, which returned a verdict for the defendant, and judgment was entered accordingly, from which plaintiffs have appealed.

[1] By their first assignment of error appellants complain because the court refused to permit the witness Dr. H. D. Barnitz to testify that a pregnant woman is by nature and instinct much more cautious in undertaking anything that involves the risk of any hurt to her person than is a woman who is not pregnant. Objection was made that the evidence was irrelevant and incompetent, that the witness was not qualified to give an opinion, that it was not a proper subject for expert testimony, and was immaterial. Mrs. Small had testified, "At the time I had the fall I was pregnant;" and again: "I was advanced about two months in pregnancy. I expected that I was pregnant when I was on the car." She and her daughter testified that the car had stopped, and as she was alighting the car gave a lurch or forward motion of some kind, and she fell to the ground. Six other witnesses testified that the car was still in motion when Mrs. Small started to get off; their testimony varying only in regard to the distance the car moved after she fell. The witness Perez testified, on direct examination: "The car did not go over a foot after she stepped off, because she fell on her back." And on cross-exam-

ination he said: "The car did not move over three feet after Mrs. Small stepped off." Upon being recalled, he testified: "The car went but three feet after the lady fell on her back." He admitted that in a statement signed by him he gave the distance as five or six feet.. The witness Gotherd was conductor of the car from which Mrs. Small stepped. He testified the car moved eight or ten feet after she jumped off, but admitted that in a statement made shortly after the occurrence he gave the distance as less than a foot. Other witnesses stated the distance the car moved was from six feet to as much as a car's length.

Appellants contend there is a very narrow margin between the evidence of Perez and Gotherd and that of Mrs. Small and her daughter, who testified the car had actually stopped before she fell, and that therefore the slightest additional evidence was calculated to turn the scale; that consequently the evidence relating to the instinctive caution of pregnant women should have been admitted as tending to show that Mrs. Small would not have undertaken to alight while the car was in motion—in other words, to show that it was unlikely or improbable that Mrs. Small would undertake to alight while the car was in motion. Appellants' counsel admit that they have found no decision directly in point upon this proposition, but contend ably and ingeniously that instinctive caution is very similar to habitual caution; that habitual caution has been held admissible, and therefore evidence tending to show instinctive caution should be admitted.

Evidence that either the plaintiff or the defendant was ordinarily of either careful or careless habits is generally inadmissible. Elliot on Evidence, vol. 1, § 186. The weight of authority is against the admission of such evidence on the question of contributory negligence. Cyc. vol. 29, p. 619. Exceptions to the rule have sometimes been made when no witness was present, and the exact manner in which the accident happened is not shown. Note 67, Cyc. vol. 29, .p. 619.

[2] When the question is as to how a person conducted himself at a particular time, it is not competent to show that prior thereto he was generally careless or the reverse. Gillett on Indirect & Collateral Evidence, § 68. The reasons for the exclusion of such evidence are that it is only of slight value to establish any fact in issue, and it is calculated to lead the jury into collateral inquiry which will confuse and obscure real issues.

Our Supreme Court, in the case of M., K. & T. Ry. Co. v. Johnson, 92 Tex. 382, 383, 48 S. W. 569, says: "We think the rule is well settled that, when the question is whether or not a person has been negligent in doing or in failure to do a particular act, evidence is not admissible to show that he has been

guilty of a similar act of negligence or even habitually negligent upon a similar occasion. * * * In Tenney v. Tuttle, above cited [1 Allen (Mass.) 185], the court say: 'When the precise act or omission of a defendant is proved, the question of whether it is actionable negligence is to be decided by the character of that act or omission, and not by the character for care and caution that the defendant may sustain.' The principle has been frequently recognized and sometimes applied in this court. Railway v. Evansich, 61 Tex. 3; Railway v. Scott, 68 Tex. 694 [5 S. W. 501]; Railway v. Rowland, 82 Tex. 166 [18 S. W. 96]; Cunningham v. Railway, 88 Tex. 534 [31 S. W. 629]. * * * The principle, as applicable to this class of cases generally, is that when the habit of care or negligence, as the case may be, has no connection with the specific facts in evidence bearing upon the question of care, evidence of such care or habit is without sufficient probative force to effect the determination of the question."

In the case of Mayton v. Sonnefield, 48 S. W. 609, the court held that it was not competent to prove the plaintiff was a careless, reckless man, that he had been careless upon some other occasion, for the purpose of establishing contributory negligence on his part.

In the case of T. & P. Ry. Co. v. Frank, 40 Tex. Civ. App. 86, 88 S. W. 383, the Court of Civil Appeals of the Third District said: "No error was committed in refusing to permit the engineer and fireman who were running the train on the occasion in question to testify that it was their habit or custom to ring the bell and blow the whistle at the place where the accident occurred."

We think it is clear, from the authorities referred to, that plaintiffs could not have been permitted to strengthen the testimony of Mrs. Small by evidence that she was habitually very cautious in anything that involved the risk of any hurt to her person. Yet this testimony, we think, would have a greater probative force than the testimony that pregnant women, by nature and instinct, are very much more cautious than those not pregnant, because the latter evidence would only, at most, show that Mrs. Small at this time was naturally much more cautious than at a time when not pregnant, but leaves the matter uncertain as to whether or not under normal circumstances she was naturally reckless or prudent, and to what extent her habits of caution have been strengthened by her condition. The evidence excluded does not purport to prove that pregnancy will make any woman very cautious with reference to her physical welfare, but only that it will make her much more cautious than she would have been if not pregnant. If the evidence had shown that a woman, by reason of such condition, became, by nature and instinct, a very cautious person with reference to her physical welfare, it would not have been of any greater probative force than direct evidence that she was habitually very cautious in all such matters. We are of the opinion that this evidence was correctly excluded.

[3] Nor can we agree that the evidence, if admitted, would have been calculated to change the result in the least. Mrs. Small was permitted, without objection, to testify: "I am always exceedingly careful about getting on and off cars, because we had an accident before." The evidence of a number of disinterested witnesses is to the effect that she was considerably incensed and excited at the time of her fall because the car had not stopped at the place she wanted to stop, and that she refused to be restrained. This was contradicted by her and her daughter. Not a witness testified to any lurch or sudden movement of the car, except Mrs. Small and her daughter, and while the evidence of the witnesses varied on estimates of the distance the car moved after she fell, yet all who saw the occurrence, except her daughter, are positive the car had not stopped when she stepped off or prior thereto, but that it was slowing up at the time. This being the condition of the evidence, we cannot agree that there was a narrow margin of conflict, and that the evidence excluded would have probably led the jury to accept the version of Mrs. Small and her daughter.

Appellants' second assignment of error complains of the following paragraph of the charge: "If you do not find from a preponderance of the evidence that the car stopped, and was started up or lurched while Mrs. Small was in the act of alighting, but believe from the evidence that she stepped off the car while it was in motion and before it stopped, you will return a verdict for the defendant." The first proposition, in substance, is: That it was wholly immaterial to the maintenance of plaintiffs' cause of action whether the car stopped or not before being suddenly jerked or moved while Mrs. Small was alighting therefrom; hence the charge made the case turn upon an immaterial question and was erroneous. The second is as follows: "The questions whether the car stopped and was started up or lurched while Mrs. Small was in the act of alighting, and whether she stepped from the car while it was in motion and before it stopped, were material only upon the issue of contributory negligence." The third, in substance, is that it would not have been contributory negligence per se for Mrs. Small to step from the car while moving slowly, and that the charge required a verdict for defendant regardless of whether she was guilty of contributory negligence. The fourth, in substance, is the charge was misleading in that, even though the jury might have believed the fall was caused by a sudden jerk or motion, they might have understood such motion to be in-

cluded in the motion of the car spoken of in said charge which, if found under said charge, would require a verdict for defendant. The fifth, in substance, is that the charge unduly emphasized that the burden of proof and the preponderance of the evidence devolved upon plaintiffs.

[4] Under the first two propositions appellants contend that the allegation in their petition to the effect that the car was standing still when Mrs. Small sought to alight was merely by way of inducement, and that plaintiff could make out a case, even if the car had not stopped, by showing that it was jerked or suddenly moved as she was alighting. In other words, while no witness testified to a jerk or sudden movement of the car except Mrs. Small and her daughter, who swore the same took place after the car stopped, yet that the issue was in the case whether the car was jerked while still moving and while Mrs. Small was alighting; and this defensive charge precluded a recovery on such issue. If this theory is correct, the court could have submitted such issue in his charge, but had he done so, and the verdict have been against plaintiffs, we dare say their brief would have presented reasons why the court erred in submitting such issue. One would have been that it was calculated to create the impression upon the minds of the jury that the court thought the car did not stop before Mrs. Small sought to alight. Another would have been that there were no pleadings and no evidence to authorize its submission, and that it was calculated to confuse the jury. The decisions of the courts of this state are against appellants' contention. In the case of El Paso Electric Ry. Co. v. Boer, 108 S. W. 201, this court said: "The only ground of negligence alleged was that the car was standing still when plaintiff started to alight therefrom, and that while in the act of alighting it was suddenly started forward without warning, and he was thereby caused to fall on the ground and was injured. This allegation would not admit of proof or authorize the submission as an issue that the car was in motion when plaintiff started to alight from it and that its speed was suddenly increased." See, also, Haralson v. San Antonio Traction Co., 53 Tex. Civ. App. 253, 115 S. W. 876; Railway v. Johnson, 100 Tex. 238, 97 S. W. 1039; Dallas Oil & Refining Co. v. Carter, 134 S. W. 418.

[5] The third proposition cannot be sustained, because not applicable to the facts of this case. If Mrs. Small fell by reason of alighting from a moving car, then she could not have been injured in the manner alleged and testified to by her, and should not recover. For discussion of this question, see Haralson v. San Antonio Traction Company, supra.

[6] We do not think the fourth proposition shows reversible error. The contention is that the jury would construe the word "motion" to mean the jerk or motion testified to by Mrs. Small as having taken place after the car stopped, and would therefore decide that if the jerk or motion was made, and Mrs. Small stepped off just at the time it was made, she could not recover. We think the jury would naturally understand the word to refer to the motion of the car while it was slowing down, and not to the motion when the car was suddenly moved, if they should find it was suddenly moved. To construe the charge as contended for by appellants would require the ignoring of the remainder of the charge, which was very specific, and we think appellants' construction would never occur to a jury. We therefore hold that the charge was not misleading.

[7] The charge did not give undue emphasis to the burden of proof and the matter of preponderance of the evidence. Before applying the law to the facts, the court gave a general charge on burden of proof, credibility of witnesses, and that the jury must receive the law from the court. In applying the law the words were used throughout, "if you believe from the evidence," until the part now complained of is reached, wherein the jury is instructed that if they do not believe from a preponderance of the evidence that the car stopped, etc. The matter of burden of proof is mentioned only once, and the matter of preponderance of evidence twice, so far as we can find, the first time in a general charge, the second in applying the law to the facts in a defensive charge.

We are of the opinion that the charge of the court, taken as a whole, fairly submitted the issues, and that the objections made by appellants should be overruled.

We find no error in the record, and the judgment is affirmed.