**BLEVINS v. HOUSTON ELECTRIC CO. et al.**
**(No. 8078.)**

(Court of Civil Appeals of Texas. Galveston.
Nov. 22, 1921. Rehearing Denied
Dec. 15, 1921.)

1. **Appeal and error** ⬚1052(5)—**Admission of evidence as to market value harmless, where plaintiff does not complain of finding as to value.**

In action for injuries to automobile, in which plaintiff did not complain of jury's finding as to market value of automobile after the collision, the admission of testimony as to such market value, if error, was harmless, on plaintiff's appeal.

2. **Damages** ⬚113—**Measure of damages for injuries to automobile sold by plaintiff is difference in value immediately before and immediately after accident.**

Where automobile, injured in collision, was sold in its damaged condition, the measure of damages in action for the injuries was the difference between the market value of the automobile before the accident and its market value immediately after, in its damaged condition, without reference to repairs, or the value of the automobile in its repaired condition.

3. **Street railroads** ⬚113(6)—**Company's rule held inadmissible.**

In an action for injuries to automobile, struck by street car at street intersection, testimony as to street car company's rule requiring motorman, in case of a collision at a crossing, where street car was blocking crossing, to promptly move car, *held* inadmissible; the motorman's negligence depending on what he did or failed to do in the particular instance before the accident, and not on his customary manner of performing his duties, nor on any general rule or regulation of the company as to what employees were required to do in emergencies, nor on what the motorman did in blocking the street after the car had been stopped.

4. **Appeal and error** ⬚1050(2)—**Admission of immaterial evidence held harmless.**

In action against street railroad for injuries to automobile struck by car at street intersection, in which it was claimed that motorman was negligent in attempting to cross intersection at excessive rate of speed without proper lookout, admission of evidence as to company's rule requiring motorman to promptly move car blocking traffic at crossing after a collision *held* harmless, being immaterial.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by F. A. Blevins against the Houston Electric Company and the Gydeson-Manford Cadillac Company. Judgment for first-named defendant, and for plaintiff against the last-named defendant, and plaintiff appeals, and the last-named defendant files cross-assignments of error. Affirmed as to first-named defendant, and reversed and remanded as to the last-named defendant.

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Andrews, Streetman, Logue & Mobley, W. L. Cook, and Palmer Bradley, all of Houston, for plaintiff.

Baker, Botts, Parker & Garwood, of Houston, for defendant Houston Electric Co.

E. P. & Otis K. Hamblen, of Houston, for defendant Gydeson-Manford Cadillac Co.

GRAVES, J. Blevins, in his own right, and for the use and benefit of the American Indemnity Company, sued the Houston Electric Company and the Gydeson-Manford Cadillac Company for damages to his automobile resulting from a collision between it and one of the Electric Company's street cars at West Main Street in the City of Houston. He laid his damages at $5,000, the cause of action for which, to the extent of $3,000, he averred, was owned by the indemnity company. The basis of his claim against both defendant companies was their alleged negligence, which he charged he was victimized by in this way: That he had turned his automobile over to Gydeson Company to install shock absorbers on it, and their employee, Harris, in driving it for testing purposes at the time of the collision with that appliance attached, operated it in a careless and negligent manner, at an unlawful rate of speed, and without adequate precaution against the dangers incident to crossing a street car track; that the damage was also proximately caused by the negligence of the electric company's employees, in that they allowed the street car to approach the intersection of the street and the car track without having it under such control that it could be promptly stopped in an emergency, in not stopping the car and awaiting the conductor's two-bell signal before attempting to cross the street, and in neither giving any warning nor keeping a proper lookout for this crossing, etc.

As embodying the fact issues raised, the cause was submitted to a jury on special issues, the material portions of which, and the answers returned thereto, were as follows:

"No. 1. Was the collision the result of an accident?" (The court defined "accident.")
Answer: "It was not."
"No. 2. Was the driver of the automobile in question guilty of negligence in the manner of operating same on the occasion in question?"
Answer: "He was."
"No. 3. Was such negligence on the part of said driver of the automobile the proximate cause of the collision and damage to the automobile?"
Answer: "It was."
"No. 4. Was the automobile being operated at the time of and immediately prior to said collision at a rate of speed greater than 18 miles per hour?"
Answer: "It was."
"No. 5. Was the rate of speed at which said automobile was being operated the proximate

cause of the collision and damage to said automobile?"

Answer: "It was."

"No. 6. Was the motorman of the street car in question guilty of negligence in the manner of operating same on the occasion in question?"

Answer: "He was not."

No. 7, as to such negligence being the proximate cause, was immaterial and unanswered, in view of the finding that the motorman was not guilty of negligence.

"No. 8. What was the reasonable market value of the automobile in question, in Houston and vicinity, before the collision?"

Answer: "$3,350."

"No. 9. What was the reasonable market value of the automobile in its damaged condition, and before repairs, in the city of Houston and vicinity, immediately after the collison?"

Answer: "$2,500."

"No. 10. What was the reasonable market value of the car in its repaired condition?"

Answer: "$3,350."

Upon these findings, judgment was entered in favor of plaintiff against the Gydeson Company for $800, the difference between the market value of the automobile just prior to and just after the collision, but that he take nothing as against the Electric Company. From that decree he appeals.

Through a number of assignments of error appellant makes three general contentions in this court: First, that, since his automobile was sold in its damaged condition, and the proper measure of damages was the difference between its market value before and after the collision, without reference to repairs, the court erred in admitting testimony relative to the cost of repairing the car in question, and in submitting to the jury special issue No. 10, copied above, inquiring as to what was its reasonable market value in its repaired condition; second, that the verdict fixing the value of the car before the collision at only $3,350 was contrary to the manifest weight and preponderance of the evidence; third, that the admission, over his objection of its irrelevancy and immateriality, of testimony to the effect that it was a rule or regulation in the business of the Houston Electric Company, when a collision occurred at a crossing, for the motorman to promptly move the street car off the crossing, if it was blocking the same, constituted prejudicial error.

By some cross-assignments the appellee Gydeson Company also complains of the judgment, insisting that there was neither evidence authorizing the submission of special issues 4 and 5, inquiring of the jury whether or not they found from the evidence that the driver of the automobile was driving in excess of 18 miles per hour, and that such was a proximate cause of the collision, nor sustaining the findings thereon that he was driving in excess of 18 miles, and that such speed was a proximate cause of the collision; further, that the jury's verdict on special issues Nos. 2 and 3, to the effect that the driver was not operating the automobile in a careful, prudent maner, but was negligently operating it, lacked support.

Disposing of these cross-assignments first, after a careful examination of the statement of facts, we are unable to say that the evidence was insufficient, although it was undoubtedly quite weak, to raise the issues so presented, and overrule the contention. Under this conclusion the appellee Gydeson Company not being entitled to a rendition of the judgment in its favor, the issues raised on appeal by Blevins recur.

[1] It will be noticed that he does not attack the jury's finding as to the market value of his car after the collision, but only with reference to its value prior to that happening. The evidence as to the repair cost, complained of through his first eight assignments, all bore solely upon the market value subsequent to the collision—a matter about which, in these objections, he raises no issue; obviously, then, the error in admitting the testimony, if such it was, clearly was an immaterial and harmless one. It follows that none of these assignments, as presented, should be sustained.

[2] The court, however, while submitting the measure of damages as contended for by appellant, that is, the difference between the market value of the car before the damage and that immediately afterwards, went further, and added inquiry No. 10, asking for a finding as to its reasonable market value in its repaired condition. We agree with appellant that, since the undisputed evidence showed the car was sold by the owner in its damaged condition, the inquiry should have been limited to the market value before the accident without reference to the repairs made upon it, or the value after they were added. So much of the ninth assignment as raises that question is accordingly sustained.

Appellant's second general complaint, as presented in his tenth assignment, that the finding of only $3,350 as the value of the car before the collision, was contrary to the evidence, is also sustained. An examination of the statement of facts discloses no evidence placing the value that low, nor any putting it below a minimum of $3,675, while there was testimony from which a value several hundred dollars higher might have been given it.

[3, 4] The last error assigned, that proof of the Houston Electric Company's rule requiring the motorman—in case of a collision at a crossing, where the street car was blocking the crossing—to promptly move his car, constituted prejudicial error, must be overruled under the conclusion that, while this testimony was clearly irrelevant and immaterial, its admission was harmless, as not having reasonably and probably tended to induce

the finding that the motorman was not negligent in the manner of operating the street car.

We quite agree with appellant that the matter of the motorman's negligence or not in operating the street car was determinable by what he did or failed to do in this particular instance, not by proof of his customary manner of performing his duties, nor by the fact that his company may have established a general rule or regulation requiring its employees to do in all such emergencies what he said he did do on this occasion. The rule complained of was therefore inadmissible. G., C. & S. F. Ry. Co. v. Rowland, 82 Tex. 166, 18 S. W. 96; G., C. & S. F. Ry. Co. v. Evansich, 61 Tex. 3; T. & P. Ry. Co. v. Frank, 40 Tex. Civ. App. 86, 88 S. W. 383; Stewart v. G., H. & S. A. Ry. Co., 34 Tex. Civ. App. 370, 78° S. W. 979; M., K. & T. Ry. Co. v. Johnson, 92 Tex. 380, 48 S. W. 568.

But, being thus foreign to and, as appellant's bill of exception asserts, "not having any probative force on any issue in this case," it could not have had the prejudicial effect claimed, unless, perchance, the jury were so misled by its injection into the cause as to have been influenced by it in acquitting the motorman of negligence. We conclude that it was neither reasonably calculated to, nor did it probably, have that effect. A reversal because of it should not therefore be ordered. Rule 62a (149 S. W. x).

Under the facts shown, the motorman's negligence depended upon whether or not he dashed into that crossing at a high rate of speed, without keeping a proper lookout and taking other needed precautions against the dangers incident to it—not upon what he did toward unblocking the street after his car had been stopped. Not only did the undisputed evidence show that the car was stopped, but there was ample direct testimony concerning the speed and manner of operation as it approached and went into the crossing to sustain the finding made. It cannot, therefore, be reasonably assumed that a jury of ordinary intelligence must have disregarded all that, and based their verdict upon a matter which admittedly had no direct bearing upon the particular issue before them.

The effect of these conclusions upon the disposition of the appeal alone remains for determination. There is no attack by either opposing litigant upon the sufficiency of the evidence to support the jury's finding that the electric company was not guilty of negligence; accordingly the controversy as to it must be held to have been closed, since that acquittal has not been found to have probably been improperly induced. It follows that the trial court's judgment in favor of the appellee electric company should be affirmed, while for the errors above pointed

out, as between the appellant and the appellee Gydeson Company, it should be reversed, and the cause remanded for another trial. That order has been entered.

Affirmed as to Houston Electric Company.

Reversed and remanded as to the Gydeson-Manford Cadillac Company.