### ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WILBANKS.
### (No. 2919.)

(Court of Civil Appeals of Texas. Texarkana. May 12, 1924. Rehearing Denied May 22, 1924.)

1. **Appeal and error** ⚖══1002—**Verdict on conflicting testimony not disturbed.**

Verdict on issue of negligence, as to which testimony was conflicting, should not be disturbed.

2. **Trial** ⚖══228(3) — **Charge and refusal of charges on contributory negligence held not reversible error because of omission of words "look" or "listen."**

Charge that, if plaintiff was negligent in failing to "ascertain" approach of train to crossing, he could not recover, and refusal of special charges presenting same issue in legal effect, held not reversible error, though words "look" or "listen" were not in charge given.

3. **Railroads** ⚖══347(2)—**Testimony as to custom to give signals inadmissible.**

In action for damages from crossing collision, court properly refused to permit engineer to corroborate his testimony that he blew whistle and rang bell for crossing by testimony that it was his custom to give statutory signals.

4. **Damages** ⚖══158(7)—**Testimony as to permanency of injuries held properly admitted.**

In action for personal injuries, character and location of which were fully and specifically pleaded, plaintiff's testimony that some of them were permanent was properly admitted.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by M. L. Wilbanks against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and B. F. Crosby, of Greenville, for appellant.

Looney & Bowman, of Greenville, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for $1,800 as damages resulting from a collision at a crossing. The proof shows that in April, 1921, the appellee and a companion were riding in an automobile on the public highway near the town of Saltillo, a station on appellant's railroad in Hopkins county. The public road ran almost parallel with the railroad for some distance near the point of the accident. Both the train and the automobile were traveling west. A short distance east of the station the public road crossed the railroad right of way. The physical conditions were such that the occupants of the automobile could have seen a train a considerable distance before reaching the crossing, and the trainmen could have discovered the presence of the automobile on the public highway. The appellee, who was driving the car on that occasion, testified that just before going on the crossing he passed a wagon loaded with hay standing on the right-hand side of the road; that while passing around the wagon his view of the railroad was obstructed; he was not expecting a train, and did not look for one till his companion called his attention to it. They were then too near the track to stop. In the collision which resulted the auto was practically destroyed and the appellee was injured. In a trial before a jury he was awarded $500 as damages for his personal injuries, and $1,300 for the loss of the automobile.

[1] The negligence charged was the failure of the trainmen to give the statutory signals when approaching the crossing, and in failing to keep a proper lookout to ascertain the presence of travelers upon the right of way at such places. After a denial of the negligence charged, appellant pleaded contributory negligence as a defense. Upon the issue of negligence on the part of the trainmen the testimony was conflicting, and the verdict upon that issue should not be disturbed.

[2] Contributory negligence was defined in general terms in the usual form in the preliminary portions of the charge. The specific issue of contributory negligence was submitted as follows:

"The plaintiff, Dr. M. L. Wilbanks, was required to exercise ordinary care for his own safety. If you believe from the evidence that the plaintiff failed to exercise ordinary care to ascertain if defendant's train was approaching said crossing, and you believe that in so going on said crossing at said time that he was guilty of negligence as the term 'negligence' is defined herein, and that such negligence, if any, was the proximate cause of him and his car being struck by said train, then plaintiff cannot recover, and you will find for defendant."

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Several special charges presenting the same issue in language somewhat different, but not different in legal effect, were requested and refused. While the court did not in his general charge use the words "look" or "listen," he told the jury that if the plaintiff was negligent in failing to ascertain the approach of the train he could not recover. It was only by looking or listening that the appellee could ascertain the proximity of the train. There was no reversible error, we think, in failing to give one or more of the special charges. Had they been given, probably too much emphasis would have been placed upon the issue of contributory negligence. It would be unjustifiable speculation to assume that the jury was misled into failing to properly consider the effect of contributory negligence.

Over the objection of the appellant the witness Bowman was permitted to testify to statements made to him by Mrs. Jennings, whose deposition was used by the appellant in the trial of the case. In that deposition Mrs. Jennings testified that she resided near the railway track and not far from the crossing where the collision occurred; that she noted the passage of the train on that occasion; and that the whistle was blown and the bell rung. For the purpose of impeachment Bowman was permitted to testify that he visited Mrs. Jennings some time previous to the trial, and that she made a statement to him that was not in harmony with the testimony contained in the deposition. He testified that she told him on that occasion that the bell did not ring and the whistle did not blow until about the time the train reached the crossing. This testimony was objected to upon the ground that it was hearsay, self-serving, and no proper predicate had been laid for its introduction for purposes of impeachment. The qualifications appended to the bill of exceptions show that a proper predicate was made for the introduction of that testimony.

[3] Complaint is made of the refusal of the court to permit the appellant to prove by its engineer that it was his custom to give the statutory signals when approaching crossings with public highways. The competency of the engineer was not disputed. The inquiry was concerning what he actually did or failed to do on that occasion. He testified that he blew the whistle and rang the bell for that crossing. It was not proper to permit him to corroborate that testimony by proof of his general custom. G. C. & S. F. Ry. Co. v. Rawland, 82 Tex. 166, 18 S. W. 96; Gulf, etc., R. R. Co. v. Garrett (Tex. Civ. App.) 99 S. W. 162.

[4] Appellant also complains because the court permitted the appellee to testify that some of his injuries were permanent. The objection was based upon the ground that the pleadings did not justify the introduction of such testimony. The record shows that the plaintiff pleaded fully and specifically the character of his injuries, and where located. Whether or not they were slight or severe, temporary or permanent, was a matter of proof. The averments, we think, were sufficient to authorize the introduction of the testimony.

The remaining assignments of error are overruled without discussion, and the judgment is affirmed.