DETERMINED IN THE

# FIFTH DEPARTMENT

AT

## GENERAL TERM,

### December, 1894.*

---

RICHARD DEGNAN, Respondent, *v.* WALTER J. RANSOM, Appellant.

*Action brought against a surgeon for malpractice — evidence by defendant of reputed skill, improper where there is no allegation or proof of incompetency by the plaintiff.*

Upon the trial of an action brought against a surgeon for malpractice the complaint alleged negligence and unskillfulness on the part of the defendant in the treatment of the case, but there was no allegation in the complaint nor evidence offered by the plaintiff upon the trial to show by general reputation or otherwise that the defendant lacked the ordinary skill which belongs to his profession; the allegations and proofs on the part of the plaintiff, so far as the skill of the defendant was concerned, being confined to the question of the degree of skill employed in the actual treatment of the plaintiff's case.

*Held,* that the admission in evidence of testimony, offered on the part of the defendant, and received over the objection of the plaintiff, to the effect that he was generally reputed and considered to possess a high degree of skill in his profession, was erroneous, and that a new trial of the action should be granted by reason thereof.

APPEAL by the defendant, Walter J. Ransom, from an order of the Supreme Court, made at the Niagara Circuit and entered in the office of the clerk of the county of Niagara on the 21st day of October, 1893, granting the plaintiff's motion made upon the minutes to set aside the verdict of a jury in favor of the defendant rendered after a trial at the Niagara Circuit and for a new trial.

*D. E. Brong,* for the appellant.

*Whedon & Ryan,* for the respondent.

---

* Adjourned to December from the October Term, 1894.

DWIGHT, P. J.:

The action was for malpractice of a surgeon. The complaint alleged negligence and unskillfulness on the part of the defendant in the treatment of the case. There was no allegation nor was evidence offered by the plaintiff to show, by general reputation or otherwise, that the defendant lacked the ordinary and competent skill which belongs to his profession. The allegations and proofs on the part of the plaintiff, so far as skill of the defendant was concerned, were confined to the question of the degree of skill employed in the actual treatment of the plaintiff's case. But when the defendant had the case he was permitted to introduce the evidence of witnesses to the effect that he was generally reputed and considered to possess a high degree of skill in his profession. The evidence was received under the objection and exception of the plaintiff, and, a verdict having been rendered for the defendant, that exception was the ground on which the motion for a new trial was granted.

We think the admission of the evidence was error and that the motion for a new trial was properly granted on that ground. In opposing this conclusion the appellant relies upon the authority of *Carpenter* v. *Blake* (50 N. Y. 696), where judgment for the plaintiff was reversed because the judge at the Circuit said in his charge to the jury : " I suppose it is entirely immaterial to the inquiry before you whether the defendant at the time he undertook the reduction of this dislocation was or was not reputed to be, or was or was not a skillful surgeon ; the question is, did he bring to the treatment of that particular case the degree of skill to which I have referred ? " The language here quoted is found in the report of the case at General Term (60 Barb. 490, 516), where the charge was unanimously upheld. There is only a brief memorandum of the decision of the case in the Court of Appeals (*supra*), and from that memorandum it appears that the objection to the charge above mentioned was sustained by only a majority of one in that court. The authority of that decision is, therefore, not to be extended beyond the limits fixed by the particular case, and that was a case where, as appears from the report in Barbour (*supra*), the complaint alleged that the defendant " represented himself to be   *   *   *   a scientific, skillful and competent physician and surgeon," and that the plaintiff " by the *ignorant,* unskillful, careless and negligent treatment by

the defendant was greatly damaged," etc. This allegation seems to have been regarded as putting in issue the general skill and intelligence of the defendant and to have justified the introduction of evidence of his general character in that respect. But by that particular allegation the case of *Carpenter* v. *Blake* is distinguished from the case at bar. Here is no such allegation. Here ignorance is not charged, and unskillfulness only in the treatment of the particular case.

It is a little difficult to see, on principle, how the general character of the surgeon can ever be material to the inquiry whether he has been guilty of malpractice in a particular case; because it is certain that, though he be the merest pretender to surgical skill, the veriest quack, yet, if by chance he treats the particular case correctly, he is not guilty of malpractice; and, equally, though he be a master in his profession, yet, if through neglect to apply his skill in the particular case he treats it improperly, the patient may have his action. However, we concede the authority of *Carpenter* v. *Blake* within its limitations, but do not find it, necessarily, to include the case in hand. Upon the pleadings and proof in this case we think the motion for a new trial was properly granted, and the order should be affirmed.

HAIGHT, BRADLEY and LEWIS, JJ., concurred.

Order granting new trial appealed from affirmed, with costs of this appeal to respondent.