## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. HARRY JOHNSON..

### No. 736.   Decided December 22, 1898.

**1. Negligence—Habit as Evidence of.**

When habit of care or negligence, as the case may be, has no connection with the specific facts in evidence bearing upon the question of care, evidence of such care or habit is without sufficient probative force to affect the determination of the question. (Pp. 382, 383.)

**2. Same—Case Stated.**

On the issue of plaintiff's contributory negligence, he being engineer of a train which ran into a preceding one and there being evidence that danger signals given him were disregarded,—his failure to see the signals being excused by evidence that he was engaged in attempting to work the injector upon his engine,—evidence that plaintiff was in the habit of going to sleep while on his engine and in that condition. sometimes ran by stations at which he ought to have stopped, was inadmissible. (Pp. 381-384.)

**3. Same—Case Distinguished.**

Such case, being one of direct evidence, distinguished from that of Cunningham v. Railway, 88 Texas, 534, where the witness had testified to his habit of care as a reason for knowing that he had exercised care on the occasion in question. (P. 383.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County

The railway company obtained writ of error on the affirmance, upon its appeal, of a judgment recovered against it by Johnson for personal injuries.

*T. S. Miller* and *Head, Dillard & Muse*, for plaintiff in error.—The court erred in refusing to permit defendant to prove by the witness W. T. Wright and others that plaintiff would frequently go to sleep while running his engine, and that on several occasions while so asleep he had been known to run beyond the stations. Cunningham v. Railway, 88 Texas, 534.

*Wolfe & Hare* and *C. B. Randell*, for defendant in error.—The specific acts of negligence on other occasions were irrelevant and immaterial. Railway v. Gibbons, 65 Ill. App., 550; Railway v. Gunderson, 65 Ill. App., 638; Baker v. Irish, 33 Atl. Rep., 558; Hurd v. Railway, 30 Pac.

Rep., 982; Collins v. Dorchester, 6 Cush., 396; Robinson v. Railway, 73 Mass., 92; Chase v. Railway, 77 Me., 62; McDonald v. Inhabitants of Savoy, 110 Mass., 49; Gahagan v. Railway, 83 Mass., 187; Railway v. Colvin, 32 Am. and Eng. Ry. Cases, 160; Warner v. Railway, 44 N. Y., 465; Elliott v. Railway, 3 Law. Rep. Ann., 363; Railway v. Newton, 11 S. E. Rep., 776; Williams v. Edmunds, 42 N. W. Rep., 534; Boick v. Bissell, 45 N. W. Rep., 55; Railway v. Thompson, 21 S. W. Rep., 137; Railway v. Mitchell, 75 Texas, 77; Railway v. Evansich, 61 Texas, 3; Railway v. Rowland, 82 Texas, 166; Whart. on Ev., secs. 29, 40; Railway v. Gibbons, 65 Ill. App., 550; Railway v. Clark, 108 Ill., 113; Railway v. Gunderson, 65 Ill. App., 638; Elevator Co. v. Neal, 65 Md., 438; Bannon v. Railway, 24 Md., 108; Railway v. Roach, 64 Ga., 635; Wentworth v. Smith, 44 N. H., 419; Coldwell v. Railway, 39 Am. and Eng. Ry. Cases, 245; Hays v. Millar, 77 Pa., 238; Boggs v. Lynch, 22 Mo., 563.

GAINES, CHIEF JUSTICE.—The defendant in error brought this suit against the plaintiff in error and the Missouri, Kansas & Texas Railway Company of Texas to recover damages for personal injuries claimed to have resulted from the negligence of the servants of the defendants. There was a judgment in favor of the defendant in error against the plaintiff in error but not against its codefendant. The plaintiff in error appealed to the Court of Civil Appeals, where the judgment was affirmed.

The substance of the pleadings is thus stated in the opinion of the Court of Civil Appeals: "Omitting formal allegations, the amended petition stated that the point where the collision occurred was on a very steep grade over which it was impossible to draw heavy freight trains, and that for the purpose of transporting cars over said hill, the defendant had established a switch, called Warner, between Red River and Denison, where cars were set out of south-bound freight trains if the train was too heavy to be pulled over the hill; or, in the event such cars were not so set out of such character of trains, then defendant would have an engine called a helper to assist in pulling over the hill. It was also alleged that if Warner switch was full of cars and no helper was to be there, then that the conductors of south-bound trains would be notified of such fact and the cars would be set out at Colbert, a station further north on the line of appellant. The allegations are quite voluminous as set forth in the petition, but they are substantially that the freight train was too heavy to be pulled over Denison hill; that not a number of cars sufficient to lighten the train were set out at Warner; that there was no helper to assist the train over the hill; and that the employes of defendant in charge of the train were not notified to set out cars at Colbert. Then it was alleged that the employes in charge of the freight train negligently failed to flag the passenger train following it.

"On February 15, 1894, the defendant filed its first amended original answer, which consisted of a general denial, and special plea to the effect that the due and proper signals were given. That the injury to plaintiff was caused by the negligence of his fellow servants and by his

own negligence. It is further alleged in said answer that plaintiff was furnished with a copy of rules and regulations for running trains, and that it was his duty to familiarize himself therewith. That he failed to do this and failed to obey such rules, and that thereby his injuries resulted. Defendant also in such answer sought to recover of plaintiff damages for the destruction of property caused by said collision."

In passing upon the application for the writ of error, we were of opinion that no error was pointed out by the petition, except by the seventh assignment. We are still of the same opinion as to all other specifications of error, and shall therefore confine our discussion of the case to the ground of error specifically mentioned.

The defendant in error, the plaintiff below, was the engineer on a passenger train of the railroad company, and the accident occurred by reason of a collision of that train with one of the regular freight trains of the company. The latter had reached a part of the road where there was a heavy up grade, and, being unable to surmount it at an ordinary rate of speed, was making very slow progress, if it had not come to a stop. While in this condition, the passenger train overtook and ran into it. It was about 4 o'clock in the morning. There was evidence tending to show that there were signal lights upon the rear of the front train and that a brakeman was sent back with a lantern to signal the passenger train, and also that the conductor dismounted with a lantern for the same purpose. There was also evidence tending to show that the passenger train ran by without paying any attention to the signals. On the other hand, the plaintiff himself testified that immediately before the accident an injector upon his engine was out of order, and that he was engaged in repairing it. The fireman on that train testified to the same fact, and also that at the same time he was employed in shoveling coal. During the progress of the trial, counsel for the defendants offered to prove by the fireman and others, in effect, that the plaintiff was in the habit of going to sleep while running his engine, and that while in that condition he sometimes ran past stations at which he ought to have stopped. The testimony was upon objection excluded; and the propriety of the court's action in that particular is the question presented by the assignment of error under consideration.

We think the rule is well settled that when the question is whether or not a person has been negligent in doing or in failure to do a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence or even habitually negligent upon a similar occasion. Railway v. Converse, 139 U. S., 469; Tenney v. Tuttle, 1 Allen, 185; Glass v. Railway, 94 Ala., 581; Guggenheim v. Railway, 66 Mich., 150; Warner v. Railway, 44 N. Y., 465; Railway v. Colvin, 32 Am. and Eng. Ry. Cases (Pa.), 160; Elevator Co. v. Neal, 65 Md., 438; Railway v. Kendrick, 40 Miss., 374; Chase v. Railway, 77 Me., 62; Hays v. Millar, 77 Pa. St., 238; Gahagan v. Railway, 1 Allen, 187; Railway v. Robbins, 43 Kan., 145; Towle v. Imp. Co., 33 Pac. Rep., 207; Building Co. v. Klein, 38 Pac. Rep., 608. In Tenney v. Tuttle, above cited, the

court say: "When the precise act or omission of a defendant is proved, the question whether it is actionable negligence is to be decided by the character of that act or omission, and not by the character for care and caution that the defendant may sustain." The principle has been frequently recognized and sometimes applied in this court. Railway v. Evansich, 61 Texas, 3; Railway v. Scott, 68 Texas, 694; Railway v. Rowland, 82 Texas, 166; Cunningham v. Railway, 88 Texas, 534. There may be some modifications of the rule as applied to particular cases. One of these was acted upon in the case of Cunningham v. Railway, above cited. There the question was as to the competency of one Rownie as an inspector of car wheels and as to his negligence in failing to inspect a wheel, and there was testimony to show there was an old crack in it, which, upon careful inspection, could have been discovered. Rownie had testified in effect that he knew that he had inspected it on the day in question, because it was his habit to inspect that car every day that it was in Llano. Evidence was offered to show that on several days shortly after the accident he had failed to make an inspection. It was held that the evidence should have been admitted. In the opinion, the court say: "If Rownie was an inattentive or thoughtless person, such mental quality was a relevant fact upon the issue as to whether he probably inspected the cars on the particular morning of the accident; and this is particularly true since his testimony disclosed that one of his reasons for knowing that he inspected the wheel was the fact that he invariably performed that duty before the car left Llano. Thus it seems that frequent failures to perform this duty at different times would be competent evidence tending to prove this mental condition, and we see no reason why such omissions subsequent to the time of the accident would be less competent than similar omissions prior to the time of the accident." The principle, as applicable to this class of cases generally, is that when the habit of care or negligence, as the case may be, has no connection with the specific facts in evidence bearing upon the question of care, evidence of such care or habit is without sufficient probative force to effect the determination of the question.

In the present case, the evidence that the passenger train ran by without paying any regard to the signals did tend to show that they were not seen. But at the same time, it was consistent with the theory that the plaintiff was not asleep. The testimony on his own behalf, on the other hand, tended to show that the cause of the signals not being discovered was that both the engineer and the fireman were engaged in the performance of other duties and were therefore not on the lookout The evidence as to the cause of the accident and the conduct of the servants of the company in charge of the respective trains was direct, and, under the circumstances, proof that the engineer had slept while running his trains on other occasions was calculated to mislead the jury and not to enlighten them. Under no rule, as we think, was it admissible.

It follows that in our opinion we were in error in granting the writ

of error, and therefore the judgment of the Court of Civil Appeals and that of the District Court are affirmed.

*Affirmed.*