### HOUSTON ELECTRIC CO. v. PARK.

(Court of Civil Appeals of Texas. Feb. 17, 1911.)

1. CARRIERS (§ 317*) — PASSENGERS — ACTION FOR INJURIES—ASSAULT BY CONDUCTOR—ADMISSION OF EVIDENCE—OTHER DIFFICULTIES.

In an action by a passenger for personal injuries from an assault by a street car conductor, it was error to ask the conductor as to the number of fights he had had with passengers on other occasions.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 317.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against a street car company for injuries by an assault by the conductor while a passenger, the evidence was conflicting as to whether the conductor assaulted plaintiff, or merely repelled an assault or threatened assault by plaintiff. Plaintiff asked the conductor on cross-examination, "Did you ever have any fights or scraps," to which he answered, "Just about as the general rule of conductors, very few." The conductor was then asked several times how many "scraps or fusses" he had had, to which he finally replied that he could not recollect them, but that "two or three would cover them." Held that, in view of the conflicting evidence and the manner in which the questions were pressed, it could not be said that error in admitting evidence as to other fights in which the conductor was engaged was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

3. CARRIERS (§ 283*)—PASSENGERS—ASSAULT BY CONDUCTOR.

If a street car passenger assaulted the conductor, the company was not liable for an assault committed by the conductor in repelling such assault, if he only acted upon reasonable appearance of danger, and used no more violence than was reasonably necessary to protect himself.

[Ed. Note.—For other cases, see · Carriers, Dec. Dig. § 283.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by James Park against the Houston Electric Company. From a judgment for plaintiff, defendant brings error. Reversed and remanded.

C. R. Wharton, for plaintiff in error. O. T. Holt and Wilson & Cole, for defendant in error.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover damages for personal injuries received by him while ·a passenger upon one of appellant's street cars in the city of Houston, and which he alleges were inflicted upon him by the conductor of said car, who assaulted him unlawfully and without provocation. The defendant's answer, in addition to a general demurrer and a general denial, contains a special plea, in which it is averred, in substance, that plaintiff on the occasion mentioned in the petition wrongfully took possession of a package belonging to the conductor of defendant's car, and, when the conductor asked that he be allowed to see and examine the package, plaintiff refused the request, became insolent, and assaulted the conductor, and thus precipitated the difficulty in which he claims to have received his injuries. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $5,000.

The conclusion we have reached upon the question presented by the first assignment of error requires a reversal of the judgment of the trial court, and it is therefore unnecessary for us to make any extended statement of the evidence, and improper to express any conclusion upon the fact issues presented by the record. It is sufficient to say that the evidence is conflicting upon the question of whether the conductor assaulted the plaintiff or only acted in self-defense in repelling an assault or threatened assault upon himself by the plaintiff. Such being the state of the evidence, counsel for plaintiff in cross-examining the conductor was permitted, over the objection of the defendant, to interrogate him in regard to the number of difficulties and fights he had had on other occasions with passengers on cars of the defendant on which he was conductor. As set out in the bill of exceptions, this testimony and defendant's objections thereto are as follows: "Q. You do not like street railway work, do you? A. Yes, sir. I have followed it for three years, and I never had a job I liked better. Q. Did you ever have any fights or scraps? Defendant: We object to that. There is no allegation in plaintiff's petition of anything of that kind. This testimony is immaterial and irrelevant and inadmissible for any purpose. They do not allege that Attaway was a bad or dangerous man, going around with a chip on his shoulder, nor do they undertake to charge the company with negligence in employing a bad man. The Court: I will overrule the objection and let it go in as a circumstance. Defendant: We except to the court's ruling. Question by Counsel for Plaintiff: Did you ever have any fights or scraps? A. Just about as the general rule of conductors, very few. Q. Is it not a fact that you were scrapping all the time with somebody, and all the time fussing and rowing? A. No, sir. Q. How many scraps or fusses have you had? A. I do not remember. Q. During the time you were on the cars, how many scraps or difficulties did you have?

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

A. I do not remember.   Q. Tell about how many.   A. I could not without going to Mr. Curley (the superintendent) and look up my record cards.   Q. You had so many you could not recollect them? A. No, sir; but very few, two or three would cover them.   Q. And you cannot recollect them?   A. No, sir. To all of which questions and answers and evidence the defendant then and there in open court objected, and excepted to the ruling of the court in permitting these questions to be asked and these answers to be given, which objections and exceptions were overruled by the court, and the defendant here now tenders its bill of exceptions for approval." The evident purpose of this testimony was to strengthen plaintiff's claim that the conductor made an unprovoked and unjustifiable asault upon him by showing that said conductor was a man of quarrelsome and vicious disposition, and had frequently been engaged in "scraps" and difficulties with passengers on defendant's cars.   Notwithstanding the probative force of testimony of this character, it has been uniformly held to be inadmissible in suits of this kind.

The principal reason for refusing testimony of this character is that it tends so much to confuse the issues that the ascertainment of the truth of the case under investigation is more likely to be hindered than helped by such testimony.   Whenever other acts or conduct of a party to the occurrence under investigation in no way connected with such occurrence are inquired into for the purpose of showing the character or disposition of such party as a circumstance tending to show whether or not he committed the act charged in the particular case, the door is opened for the admission of evidence pro and con on the issues involved in the extraneous occurrences thus brought into the case, and much time is likely to be consumed in such investigation and the jury confused and led to lose sight of the main issue.   This has uniformly been regarded as a sufficient reason for rejecting evidence of this kind. It has also been held that evidence of this kind should be excluded because it tends to excite the prejudice of the jury, and is likely to be given an exaggerated importance, and lead to the decision of the case upon other issues than those raised by the evidence as to the act under investigation.   Railway v. Johnson, 92 Tex. 382, 48 S. W. 568; Railway Co. v. Bell, 73 S. W. 57; Railway Co. v. Stroud, 67 Ark. 112, 56 S. W. 870; Railway Co. v. Hackett, 58 Ark. 381, 24 S. W. 881, 41 Am. St. Rep. 105.   This testimony being inadmissible and having been admitted over defendant's objection, its admission requires a reversal of the judgment, unless it clearly appears that it could not have prejudiced the defendant.   In view of the conflict in the evidence before mentioned, we cannot say that the jury were not influenced by this illegal testimony.   It is true, as contended by appellee, that this testimony is not very definite, but the fact that the conductor had had two or three fights with passengers, and the form of the questions and the manner in which they were pressed upon the witness might well have led the jury to infer that the conductor was a man not "slow to wrath" and one who would likely assault another without legal justification, and we cannot say that the jury did not so consider the testimony and were not influenced thereby.   It is well settled that in such case the verdict of the jury should not be allowed to stand. Eborn v. Zimpelman, 47 Tex. 522, 26 Am. Rep. 315; Dewess v. Bluntzer, 70 Tex. 406, 7 S. W. 820; Railway v. Hanning, 91 Tex. 350, 43 S. W. 508; Halsey v. Bell, 62 S. W. 1089.

The second assignment of error complains of the refusal of the trial court to give the following special charge requested by defendant: "You are instructed that, while it is a rule of law that insulting words or conduct do not justify a blow, yet where a passenger uses insulting words and conduct toward the conductor in charge of the car which provoke an assault on the part of the conductor, then such insulting words or conduct on the part of the plaintiff may be considered in mitigation of damages that are allowed the plaintiff, if it be found that he is entitled to damages for such an assault. Applying this rule to the facts in the present case, you are charged that if the plaintiff Parks used insulting words or insulting conduct toward the defendant's conductor, which provoked an assault upon the part of the conductor, and if you should otherwise find from the evidence that the plaintiff is entitled to recover under instructions given you, then you may consider such insulting words or conduct, if any, as the evidence shows were used by Parks, in mitigation of the damages allowed."   We do not think the evidence raised the issue of insulting words or conduct on the part of the plaintiff towards the conductor.   There is no evidence of any insulting words.   If the acts of plaintiff amounted to an assault and the conductor only acted in repelling such assault, or only acted upon reasonable appearance of danger, he was justified in the assault he made upon the plaintiff, provided he did not use more violence than was reasonably necessary to protect himself.   These issues were raised by the evidence, and were properly submitted to the jury.   If defendant's contention as to the facts is correct, the conductor was justified in what he did, and, if the facts are not as defendant claims they were, there was nothing insulting in plaintiff's words or conduct, and no evidence which could be properly considered by the jury in mitigation of damages.   Such being our conclusion upon the facts, we are not called upon to pass upon the question of whether insulting words or conduct or provocation of any kind which does not justify an assault can be considered in mitigation of

actual damages caused by the assault. The authorities are conflicting upon this question, and it does not seem to have been passed upon by our Supreme Court. The Courts of Civil Appeals for the Fourth and Fifth Districts in the case of Railway Co. v. Batchler, 32 Tex. Civ. App. 14, 73 S. W. 981, and same case on second appeal, 37 Tex. Civ. App. 116, 83 S. W. 904, hold that provocation on the part of plaintiff may be considered in mitigation of actual damages caused by an unlawful assault. We are not inclined to follow this holding, as it seems to us that any provocation on the part of the plaintiff which was not . sufficient to justify the assault should logically only be considered in mitigation of punishment or punitive damages and could not affect the amount of actual damages sustained by the plaintiff. But, as before said, the issue is not raised by the evidence in this case, and, the question not being properly before us, we do not intend to commit ourselves to this view of the law.

None of the other assignments in appellant's brief presents any error, and they are overruled without discussion.

For the error above indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.