HACKLER v. INGRAM. (No. 1178.)

(Court of Civil Appeals of Texas. Amarillo. June 13, 1917. Rehearing Denied June 27, 1917.)

1. Physicians and Surgeons ⊜⇒18(11)—Malpractice—Excessive Damages.

Where plaintiff's wife, when operated on received a wound which did not heal, which constantly swelled, gave her great pain and suffering, caused her to lose sleep, and from which finally a surgical needle was removed by another physician, a verdict of $1,000 against the operating physician was not excessive.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 46.]

2. **Appeal and Error**  ☞1050(1)—**Harmless Error.**

Error, if any, in permitting a witness to testify concerning a diseased condition by calling it an abscess, is harmless, where other witnesses referred to the condition in the same term without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

3. **Physicians and Surgeons**  ☞18(7)—**Malpractice—Evidence—Admissibility.**

In action against physician for alleged negligence in performing operation, the sole cause alleged being the actual negligence in the instant case, wherein plaintiff introduced no evidence of his general ability, the defendant could not introduce testimony as to his general ability.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 40, 41.]

Appeal from District Court, Dallas County.

Action by W. J. Ingram against G. M. Hackler. Judgment for plaintiff, and defendant appeals. Affirmed.

Seay & Seay, of Dallas, and Hunt, Myer & Teagle, of Houston, for appellant. C. F. Greenwood, of Dallas, and L. D. Johnson, of Ferris, for appellee.

BOYCE, J. Appellee, Ingram, sued appellant, Hackler, for damages alleged to have resulted from negligence in the performance of an operation upon appellee's wife, and subsequent treatment of her. The negligence alleged, generally stated, was that appellant, who was a physician and surgeon, in performing an operation on Mrs. Ingram about May 15, 1912, was negligent in leaving a skin needle sewed up in Mrs. Ingram's side where the operation had been performed, and in subsequently failing to remove the same. Appellant answered by general denial and specially that he had proper training and skill and exercised proper skill and care in the performance of the operation and treatment of Mrs. Ingram, and that if she was injured in any way, such injury was the result of the negligence or misconduct or the act of some other person than himself. A trial before a jury resulted in a verdict and judgment against appellant for $1,000.

[1] By the first assignment appellant insists that the verdict is excessive. The operation performed was a serious one, and there is evidence to the effect that within a few days after the operation a swelling appeared on Mrs. Ingram's side near the incision where the operation had been performed; that this swelling grew to about the size of an egg, and was inflamed and discolored, resulting in intense pain so that Mrs. Ingram could obtain no rest and could perform no work, it was alleged, for months afterwards. Appellee and his wife lived at Ferris, and Mrs. Ingram made four different trips to Dallas, where Dr. Hackler resided, and where the operation was performed, for the purpose of having him examine her. The testimony further shows that on each of these occasions Dr. Hackler informed Mrs. Ingram that the condition was not serious, and advised her to cease worrying about it and it would disappear. On the fourth visit, about the last of August, 1912, Dr. Hackler was absent, and another physician examined Mrs. Ingram and removed from this swollen place what is described as a skin needle, being a needle used by surgeons in sewing up the skin where an incision had been made. Plaintiff's testimony further shows that after the removal of the needle there was a discharge of pus from the lump where the needle had been, which continued until February, 1913, when said place burst and Mrs. Ingram became better thereafter, though she testified that she had continued to suffer some pain until the time of the trial. Appellee's testimony is to the effect that during all this period of time Mrs. Ingram suffered intense pain, was sick and in a state of constant anxiety. There is considerable expert testimony that a needle of this kind, if it was sterile, which this needle was supposed to be, imbedded in the flesh, ought not to be so very painful, and that the wound would heal as soon as the needle was removed, and appellant's testimony tends to show that a great deal of Mrs. Ingram's suffering was the result of hysteria. The presence of the continued discolored and protruding lump in the side near the incision, where an operation had been performed on the vital parts of the body, with no satisfactory explanation for its cause, and as time passed not getting apparently better, but worse, was a natural cause for anxiety and worry, and notwithstanding the testimony of the experts, Mrs. Ingram and her husband testified that she suffered intense pain during this time. We cannot say that the verdict is excessive.

[2] By the second assignment appellant insists that the court erred in permitting appellee, Ingram, while testifying as to his wife's affliction, to call it an abscess. The statement of facts shows that not only this witness, but his wife, spoke of the place from which the needle was subsequently taken as an abscess, and this without objection. So that the error, if any, would be harmless. However, the witnesses described the place as being a hard lump, showing inflammation, and stated that after the needle was removed it discharged pus for several months, and finally burst. The condition was thoroughly described to the jury, and it makes little difference what it was termed, though the word "abscess" appears to the ordinary mind as being properly descriptive of such condition.

By the third assignment appellant complains of the refusal of the court to permit evidence of numerous physicians who offered to testify that they had observed Dr. Hackler in operations, and that he was a skillful, competent, and careful surgeon. The court qualified the bill of exceptions to this action of the court by this statement:

"Plaintiff did not at any time offer any evidence whatever to prove that defendant was incompetent or unskillful, but confined his case to the fact that Dr. Hackler had left a needle in the flesh of plaintiff's wife, and that this was an act of negligence."

Appellee in his petition alleged that appellant "represented and held himself out to the general public as a skillful, careful, and competent physician and surgeon, in the practice of medicine and surgery, and that on or about the 14th day of May, 1912, plaintiff, believing and relying upon the defendant to be what he professed to be as above alleged, brought his wife * * * to' be examined, and if necessary to be treated by him in his professional capacity, and as such physician and surgeon." Then follows allegations to the effect that plaintiff's wife was placed in a sanitarium, the operation performed, and a statement of facts ,with reference to the needle being left in the flesh of plaintiff's wife and the subsequent acts of the appellant in failing to remove the same and relieve plaintiff's wife; it being alleged that appellant knew that the needle had been left in the flesh, and that his subsequent acts were the result of an effort to conceal such fact. The appellee then made this allegation of negligence:

"Plaintiff alleges that the defendant was guilty of inexcusable negligence in said operation in each of the following particulars: (1) In leaving said needle in the person and flesh of plaintiff's wife; (2) in carelessly and negligently handling said needle, causing it to break and leaving a part of it in said person and flesh; (3) in not using said needle in a careful, prudent, and skillful manner; (4) in not promptly and immediately removing said broken needle and taking it out; (5) in not making known to plaintiff and his wife the fact of such inexcusable accident; (6) in not removing same as soon as he learned the condition of said wound and side, and the patient's suffering therefrom; (7) in closing up the wound over said needle, leaving it concealed, so as to fester and poison the flesh, internal system, and general health of said Mrs. Ingram; (8) that said operation and breaking and leaving of needle as aforesaid, was careless, negligent, incompetent, and inexcusably unskillful, and defendant negligently failed to use proper care to avoid said accident and injuries."

[3] No testimony of general incompetency was offered, and the court charged the jury, that if it should find that Dr. Hackler, in performing the operation upon Mrs. Ingram, left a needle in her person, and permitted it to remain, and that in so doing he failed to exercise "reasonable skill and ordinary care and diligence," and that as a direct and proximate result of such acts plaintiff's wife was injured, etc., then to find for the plaintiff. The cause of action and recovery was therefore based, as we conceive it, on negligence and unskillfulness in the performance of the particular operation and subsequent conduct with reference thereto, and we do not think evidence of general skill and efficiency was admissible. However careful and competent a person may be generally, such fact is no defense to a specific act of negligence. M., K. &

T. Ry. Co. v. Johnson, 92 Tex. 380, 48 S. W. 568; Baker v. Hancock, 29 Ind. App. 456, 63 N. E. 323, 64 N. E. 38; Degnan v. Ransom, 83 Hun, 267, 31 N. Y. Supp. 967; Alexander v. Menefee (Ky.) 64 S. W. 855; Samuels v. Willis, 133 Ky. 459, 118 S. W. 339, 19 Ann. Cas. 188; Cyc. vol. 30, p. 1585. The Supreme Court, in the case of M., K. & T. Ry. Co. v. Johnson, supra, quotes the following with approval from the case of Tenney v. Tuttle, 1 Allen (Mass.) 185:

"When the precise act or omission of a defendant is proved, the question whether it is actionable. negligence is to be decided by the character of that act or omission, and not by the character for care and caution that the defendant may sustain."

The allegations in plaintiff's petition in this case are somewhat similar to those in the case of Baker v. Hancock, supra, in reference to which the court said:

"No charge of unskillfulness or lack of education is made in the complaint. It proceeds upon, the hypothesis that the appellee did not exercise that degree of skill required of his profession. There is a recital in two of the paragraphs to the effect that appellant's injury was caused by the carelessness, negligence,. and lack of skill and knowledge of the appellee. Such recital is not equivalent, and does not amount, to an averment of incapacity. It has relation to the preceding averments."

Affirmed.