**TEXAS & N. O. R. CO. v. McNEILL et al.**
**(No. 1200.)**

(Court of Civil Appeals of Texas. Beaumont. March 28, 1925. Rehearing Denied April 8, 1925.)

**1. Carriers ⟨⟩317(9)—Evidence that no accident such as sustained by passenger had happened before held inadmissible, where no showing of similarity of conditions.**

In passenger's action for injuries sustained when stepping from coach without a step box, evidence that station where passenger was injured was used by other railroads, and that no such accident had happened before during many years, held inadmissible, where there was no proof that other railroads occupied same lines of track and discharged passengers at same place as defendant, or that they did not use step boxes.

**2. Negligence ⟨⟩125—Evidence of absence of accidents under similar conditions inadmissible.**

Generally, evidence that accidents had not happened under similar conditions at other times or places is not admissible to disprove negligence at time and place in question.

**3. Carriers ⟨⟩321(23)—Instruction as to duty in furnishing appliances when considered with issue held not erroneous.**

Instruction that it was carrier's duty to furnish passengers, for use in alighting from its cars, such appliances as a very cautious and prudent person would provide, when considered with submission of issue as to whether carrier was negligent in failing to furnish a step box, held not erroneous.

**4. Trial ⟨⟩350(6)—Evidence held to raise issue as to carrier's negligence in not furnishing step box.**

In passenger's action for injuries sustained when stepping from coach without a step box, evidence held to raise issue as to negligence in not furnishing step box.

**5. Carriers ⟨⟩303(1)—Carrier must discharge passenger safely and conveniently at termination of his journey.**

Carrier of passengers must under its contract not only use strictest diligence in receiving and carrying passenger to his destination, but also discharge him safely and conveniently at termination of his journey.

**6. Trial ⟨⟩350(6) — Evidence held to raise issue of carrier's negligence in furnishing defective platform.**

In passenger's action for injuries caused in stepping from coach, evidence held to raise issue for jury as to carrier's negligence in furnishing defective platform on which to alight.

**7. Carriers ⟨⟩318(11)—Evidence held to sustain verdict for plaintiff.**

In passenger's action for injuries sustained when stepping from coach, evidence held to sustain verdict for plaintiff.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by Mrs. Nettie Mae McNeill and others against the Texas & New Orleans Railroad Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, for appellant.

C. A. Lord, of Beaumont, and Keen & McNeill, of Beaumont, for appellees.

O'QUINN, J. This is a suit by Mrs. Nettie Mae McNeill, joined by his husband, James McNeill, for damages for personal injuries alleged to have been received by her in alighting from a passenger train of appellant in the city of Houston, Tex., on the night of December 22, 1922. By full and appropriate allegations, she alleged negligence on the part of appellant in the following particulars: (a) Failing to furnish her with a safe and suitable means—a reasonably smooth platform or place upon which to alight from said train; (b) failing to suitably light the place where passengers were required to alight from said train; (c) failing to provide a suitable step box or stool at and below the steps of the car upon which passengers could alight in leaving the car.

She further pleaded:

"Plaintiffs allege that when the said Nettie Mae McNeill stepped from the step of the defendant's said car, making the long step necessary for that purpose under condition aforesaid, she alighted upon the uneven and irregular brick surface as aforesaid, and her foot turned upon the uneven and irregular surface of the platform aforesaid, so that the foot and ankle were greatly sprained and injured, and so that the bones, tendons, ligaments, muscles, and nerves thereof were greatly misplaced, distorted, injured, and affected; that as a result thereof she became sick, sore, and lame

and greatly affected; that she suffered and continues to suffer great mental and physical pain and anguish as a result thereof, and will continue to do so in the future; that the said injuries are permanent and will continue to affect her as long as she may live; that as a result of said injuries she cannot use the member affected as she formerly did, and that the use of the said right foot and the ankle thereof is greatly impaired, and she has not, and never will have, the same strength therein as she had before the said injury; that the ankle and ankle joints are enlarged, and so that they are not of the same appearance as the other member.

"Plaintiffs allege that the defendant was guilty of negligence in failing to provide a reasonably safe place for the said plaintiff to alight from its train, and in failing to provide a stool for use in alighting from said train, and in failing to provide a reasonably smooth and level place for her to alight from its said car, and in failing to provide reasonably sufficient lights at the place where she was required to alight from said car; that the injuries aforesaid were the direct and proximate result of some or all of the acts of negligence aforesaid, and by reason thereof the plaintiffs have been actually damaged in the sum of $10,000."

Appellant answered by general demurrer, special exceptions, general denial, and specially that Mrs. McNeill was guilty of contributory negligence in (a) walking and stepping as she did knowing that she was wearing shoes with heels so built and constructed as to their height and width as to be dangerous and likely to cause her foot to turn and thus injure her ankle; and (b) that if the injury of Mrs. McNeill became of a dangerous nature, same was the result of her failure to take proper care of her injured ankle.

The case was tried to a jury upon special issues, in answer to which they found: (a) That appellant was guilty of negligence in failing to furnish Mrs. McNeill a foot stool or box upon which to step in alighting from the train; (b) that appellant was guilty of negligence in furnishing a platform in the condition the platform was in where Mrs. McNeill was required to alight from the train; (c) that each of the negligent acts was a proximate cause of the injury suffered by Mrs. McNeill; (d) that Mrs. McNeill was not guilty of contributory negligence in stepping from the train wearing shoes with heels such as were on her shoes at the time; and (e) assessed the damages in favor of Mrs. McNeill at $1,000.

Upon the findings of the jury, judgment in favor of appellees was entered in the sum of $1,000. Motion for new trial was overruled and the case is before us on appeal.

The undisputed facts are that Mrs. McNeill, her husband, James McNeill, and her brother-in-law, W. T. McNeill, purchased tickets at Beaumont, Tex., and took passage on appellant's train to Houston. They arrived at Houston at about midnight on December 22, 1922. Appellant did not furnish any footstool upon which the passengers alighting from the car could step. In stepping from the bottom step of the car to the platform or pavement, Mrs. McNeill's foot came in contact with what she described as the uneven surface of the brick pavement or platform and turned, spraining her ankle and causing the injury of which she complains.

Mrs. McNeill testified that the platform upon which she alighted from the car was an uneven brick pavement; that some of the bricks were higher than the others, to the extent of an inch, and that when she stepped upon this uneven surface, her foot turned "clear over to the pavement" and "popped." She testified as to the extent of the injury, how she suffered, and that at the time of the trial, which was some 18 months after the accident, she still suffered from the sprain. She testified:

"My ankle is not as strong as it was before the injury; it is weaker. My ability to walk upon it is not the same. If I go down town and stay to-day two hours, in the morning my ankle swells and hurts, it stays all day, after an exercise of that character."

[1, 2] The doctors who examined her ankle just before the trial, one for the appellant, and one for the appellee, admitted that the ankle was still enlarged, differing as to the extent of the enlargement.

Appellant's first proposition is:

"The appellant having shown that the station at Houston, where the injury is alleged to have happened, is one of the largest (from the standpoint of travel), if not the largest, in Texas; that six or seven trunk lines of railroad enter and depart from this station daily—that appellant has 12 trains entering and leaving the station daily; that the platform is and was of the same class of construction, and had been in use by the railroads 15 or 20 years, it was permissible to prove by a witness, who, by reason of the nature and length of time of his employment by the appellant, knew the facts, that no such accident as that complained of by appellee had ever happened before; in other words, to show by a competent witness that the platform complained of had for 15 or 20 years proven safe, and had answered its purpose for thousands of men, women and children, and therefore, its use may be continued without the imputation of culpable imprudence, carelessness, or negligence."

The assignment is overruled. The evidence was not admissible. The general rule is that the evidence of the conditions existing at other times and places or of other accidents or acts of negligence on the part of the carrier or its employés is not admissible to show independent acts of negligence. 10 C. J. 1052, § 1446; Railway Co. v. Rowland, 82 Tex. 166, 18 S. W. 96; Railway v. Evansich, 61 Tex. 6; Railway Co. v. Johnson, 92 Tex. 380, 48 S. W. 568. Likewise, evidence that accidents had not happened

under similar conditions at other times or places is not admissible to disprove negligence at the time and place in question. 10 C. J. 1052, § 1446; Railway Co. v. Johnson, 92 Tex. 380, 48 S. W. 568; Denver City Tramway Co. v. Hills, 50 Colo. 328, 116 P. 125, 36 L. R. A. (N. S.) 213; Newcomb v. Railway Co., 182 Mo. 687, 81 S. W. 1069, 1076.

Appellant cites and quotes from several New York cases to sustain its contention that it should have been permitted to prove that, during a 15 or 20 years use of the platform in question, many thousands of passengers had been discharged on and over same without a single accident. The doctrine of the New York cases cited does not seem to have ever been applied in our state, but, rather to the contrary, it appears in the 'case of French v. Southwestern Telegraph & Telephone Co. (Tex. Civ. App.) 162 S. W. 406, and Id., 110 Tex. 505, 221 S. W. 570, it was repudiated. The court allowed appellant to prove that no accident had been reported as having happened on account of the condition of the platform in question, in so far as the operations of appellant, Texas & New Orleans Railway Company, was concerned. Appellant made no proof that other railroads using the same station occupied the same lines of track, and discharged its passengers at the same places as did appellant. There was no proof that the other lines of railroad entering said station and discharging their passengers there did not use step boxes in so doing, but, to the contrary, the proof showed that some of the other lines used step boxes, while others did not. The proof did not show that the same conditions in their entirety would have application as to all other carriers using the station in question, hence the evidence was properly excluded.

[3-5] Appellant complains that the court erred in instructing the jury that it was the duty of appellant, as a common carrier, to furnish to its passengers for their use in alighting from its cars, such appliance as a very cautious and prudent person would provide under the same or similar circumstances, and then in connection with this instruction, to submit to the jury an issue as to whether or not appellant was guilty of negligence in failing to furnish a step box for the use of appellee, because, appellant insists, said instruction and said issue, when read together, constituted and became a direct instruction to the jury that it was the duty of appellant to furnish such a step box. Appellant also urges that said issue so submitted was error for in that there was no evidence raising the issue.

The assignments are overruled. The charge is not subject to the criticism lodged against it. It was pleaded and the evidence raised the issue as to the duty of appellant to furnish safe means of exit from its cars. Furthermore, the preponderating weight of the evidence, we think, showed that appellant generally furnished step boxes for the use of its passengers in alighting from its cars. A carrier of passengers is bound, under its contract as such, not only to use the strictest diligence in receiving and carrying a passenger to his destination, but also to discharge him safely and conveniently at the termination of his journey. 4 R. C. L. 1088, § 538; Railway Co. v. Wortham, 73 Tex. 25, 10 S. W. 741, 3 L. R. A. 368; Railway Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308. Judge Gaines, in Railway Co. v. Wortham, discussing the character of appliances a carrier of passenger is required to furnish its passengers in alighting from its cars, says:

"The carrier must furnish the passenger not only a reasonably safe appliance, but the safest."

Appellant cites us to the case of Railway Co. v. Frey (Tex. Civ. App.) 61 S. W. 442, as supporting its contention that under the facts of this case the failure to furnish a step box was not negligence. There is quite a difference in the facts of that case and the case at bar, as we view them. In that case the plaintiff alleged that there was no platform upon which she could alight, and that she was compelled to alight upon the ground, and that there was no footstool furnished to aid her in reaching the ground. The evidence showed that there was a cement platform, and there was no attempt to prove that it was defective, or that it was not in the ordinary distance from the steps of the cars. In disposing of the question, the court said:

"It was the duty of the railway company to provide and maintain a safe way of reaching and departing from its cars and passenger stations, and it has been held in this state that such appliances must be 'the safest that had been known and tested.' * * * If there was any testimony in this case that tended to establish a failure upon the part of appellant to furnish such appliances, and Mrs. Frey was damaged thereby, the jury was justified in the verdict upon which the judgment was based. Under the facts in this case, there could have been but one possible ground upon which the jury could have based the verdict, and that was the failure to have a box or stool upon which Mrs. Frey could step in getting off the cars. That there was a platform was uncontroverted, and *there was no attempt to prove that it was defective, or that it was not at the usual and ordinary distance from the steps of the cars.* A man was employed to assist passengers on and off the cars, and he or the conductor, or both, assisted Mrs. Frey, in a careful manner, to alight from the cars. There is not one single fact that tends to establish negligence upon the part of the railway company, unless it should be presumed from the fact that Mrs. Frey was injured in stepping off the car. Can negligence be thus presumed from the mere happening of the event, none of the attending circumstances tending to establish neg-

ligence? We think not. \* \* \* In the case of Railway v. Wortham, above cited, a box had been provided, upon which passengers could alight, and it turned, throwing a lady to the ground and injuring her. The platform was shown to have been defective, and the box too narrow for the purposes for which it was used. \* \* \* In this case not only does the testimony fail to show *an improper platform, but it tends to show a proper one,* and, in addition, that proper personal assistance was given to persons alighting from the cars." (Italics ours.)

Appellant also cites Railway v. Wiuvar (Tex. Civ. App.) 257 S. W. 667. This was a case of injury received while alighting from a car. The undisputed evidence showed that the platform was made of concrete, practically level and "but a few inches, say 14 inches, not over 20 inches, below the lowest step of the car." There was no defect claimed or proven in the platform or steps, but the whole case was hinged on the distance from the last step of the car to the platform, the plaintiff alleging that it was "so great as to make it unsafe for her to alight." The opinion of the court discloses that the condition of the platform was a material element in determining the case. It was shown that the platform was made of the very best material, no defect in its construction, and in good state of repair. In the instant case it was shown that the distance from the last step of the car to the platform was a long step. Appellee described it as a "pretty long step." "I imagine about two feet." "It was a straining step to make." The platform was shown to be defective— uneven bricks with elevations and depressions of something like an inch upon which Mrs. McNeill stepped, causing her foot to turn, spraining her ankle. This brick pavement, the record discloses, had been used some 15 or 20 years.

[6] Appellant complains that the court erred in not sustaining its objection to the submission of special issue No. 3 to the jury. Special issue No. 3 was:

"Do you find that the defendant was guilty of negligence in furnishing a platform in the condition the platform was in at the place where plaintiff Nettie Mae McNeill alighted from its car?"

Appellant insists that the evidence did not raise this issue. The assignment is overruled. The negligence was sufficiently pleaded and the evidence raised the issue. Whether negligence was shown was a question of fact for the jury, and was properly submitted by the court.

[7] At the close of the evidence, appellant presented a special charge for an instructed verdict in its favor, which was refused by the court. The refusal of this charge is assigned as error. The assignment is overruled. The evidence amply raised the issue of negligence upon the part of appellant. The question was properly submitted to the jury, and they found against appellant. But appellant strenuously insists that there is not sufficient evidence to support the verdict, and urges that we should reverse the case, and render judgment in its favor. We do not think so. We have carefully considered all the evidence, and believe that it is ample, and that the judgment should be affirmed.

In the presentation of the case, counsel for appellant insisted that the case should be reversed and rendered, but that if this court should not be of the opinion that it should be reversed and rendered, that then the judgment should be affirmed. We do not believe that any reversible error has been shown, and in the state of the record, certainly the judgment cannot be reversed and rendered. Therefore, the judgment is accordingly affirmed.