George S. King and Maurice M. Davis, both of Houston, for appellant.

Henry J. Lamb and Arnold H. Krichamer, both of Houston, for appellee.

## GLASS v. HOUSTON SINGING SOC.
### No. 11746.

Court of Civil Appeals of Texas. Galveston.
Jan. 16, 1946.

MONTEITH, Chief Justice.

This action was brought by appellant, Emily Glass, for damages for personal injuries alleged to have been sustained by her as a result of falling in a wet spot upon the dance floor of a building owned and operated by appellee, Houston Singing Society.

Appellant alleged that appellee owned and operated a dance hall and night club in the City of Houston in which beer and other drinks were sold to its customers; that due to the failure of appellee and its employees to exercise ordinary care in the maintenance of said premises in numerous alleged

particulars, claimed to amount to negligence which proximately caused appellant's injuries, she was caused to slip and fall upon a wet spot on said dance floor, breaking her right arm.

In answer to special issues submitted, a jury found that neither appellee nor its employees had been negligent in any manner alleged by appellant at the time she was injured; that there was no water, beer, or other liquid on the floor of said club at that time, and that appellee had not permitted more persons to enter the dance hall than it would reasonably accommodate.

Based on the answers to the special issues submitted, judgment was rendered that appellant take nothing by her suit.

Appellant in her brief raises only two points of error. She assigns error in the failure of the trial court to permit her to prove that on all other occasions when appellee held dances in its club rooms it had permitted the spilling of water, beer, and other liquids on the dance floor, and she assigns error in the failure of the trial court to limit the testimony of appellee's witness, Mrs. John Hoiden.

■ The record shows that appellant testified that while walking along the edge of appellee's dance floor she slipped in a pool of beer or other liquids, causing her to fall and break her arm. She sought to introduce evidence of falls by other people at other times and evidence of water, beer and other liquids on the floor on other occasions, without showing that the conditions in the premises on the night appellant was injured were the same on the other occasions inquired about as they were at the time she sustained her injuries. Appellee's objections to said testimony were, we think, properly sustained by the trial court.

■ It is a well-established rule of evidence that, when the question is whether or not a person has been negligent in doing or failing to do a particular act, evidence is inadmissible to show that he had been guilty of a similar act of negligence, or even habitually negligent, upon a similar occasion. Missouri, K. & T. v. Johnson, 92 Tex. 380, 48 S.W. 568, and authorities there cited.

The rule above announced has been approved in the following cases: Traders & General Life Ins. Co. v. Boysen, Tex.Civ. App., 123 S.W.2d 1016; Cobb Brick Co. v. Lindsay, Tex.Civ.App., 277 S.W. 1107; Gillham et al. v. St. Louis S. W. R. Co., Tex.Civ.App., 241 S.W. 512; Kennedy v. Wheeler, Tex.Civ.App., 268 S.W. 516.

■ Under her second point appellant contends that the judgment herein should be reversed and the cause remanded because the court failed to limit the testimony of appellee's witness, Mrs. John Hoiden.

The record shows that the testimony of Mrs. Hoiden was introduced by appellee for the limited purpose of impeaching plaintiff's testimony. The record not only fails to show that appellant failed to request the court to instruct the jury that the testimony of Mrs. Hoiden was introduced for impeachment purposes, but an examination of appellant's motion for new trial discloses that she failed to set forth this point or complain thereof in her motion for such new trial.

Rule 374, Texas Rules of Civil Procedure, provides that the motion for new trial, when required to be filed under the rules of civil procedure, shall constitute the assignments of error on appeal or writ of error, and that a ground of error not distinctly set forth in the motion for new trial, in causes where motion for new trial is required. shall be considered as waived.

■ It is held in the following authorities that a point relied upon on appeal which is not based upon any ground urged in appellant's motion for new trial cannot be considered by an appellate court for any purpose: Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Barrera v. Duval County Ranch Co., Tex.Civ.App., 135 S.W.2d 518; Frazier, Jelke & Co. v. Chapman Mineral Corp., Tex.Civ.App., 149 S.W.2d 1101; Cooper v. Cooper, Tex.Com.App., 188 S.W. 2d 686; Doherty v. San Augustine Ind. School District, Tex.Civ.App., 178 S.W.2d 866.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.