**Emile PATTERSON et al., Appellants,**

v.

**EAST TEXAS MOTOR FREIGHT LINES et al., Appellees.**

**No. 6339.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Rehearing Denied Sept. 27, 1961.

Sample & Walker, Beaumont, for appellants.

Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellees.

STEPHENSON, Justice.

This is a suit for personal injuries brought by appellant Emile Patterson, for his wife Elmer Patterson, and by appellant Willie Mae Ryals to recover damages from East Texas Motor Freight Lines and its driver Albert Olen Foster, arising out of a collision which occurred March 3, 1955 at an intersection in the City of Beaumont,

Texas. Elmer Patterson was the driver and Willie Mae Ryals the passenger in an automobile in collision with a truck driven by Albert Olen Foster.

The case was submitted to the jury upon special issues. The jury found the appellant Elmer Patterson guilty of acts of negligence which proximately caused the accident and found the appellee Albert Olen Foster guilty of no act of negligence. The trial court rendered judgment for the appellees.

■ Appellants complain of the trial court's refusal to permit them to offer evidence to show the driver of the truck had been involved in other automobile accidents and had been charged with reckless driving and speeding on other occasions. No evidence was offered by appellees to show the truck driver was a safe and careful driver, or that he had had no other accidents. He was permitted to testify as to his experience. He had been driving a truck for 20 years, and had been employed on his present job for 11 years. The trial court properly refused to permit the testimony offered by appellants. The Supreme Court settled this question many years ago in Missouri, K. & T. Ry. Co. v. Johnson, 92 Tex. 380, 48 S.W. 568, 569:

"* * * We think the rule is well settled that when the question is whether or not a person has been negligent in doing, or in failing to do, a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence, or even habitually negligent upon a similar occasion (citing cases) * * *. The principle, as applicable to this class of cases generally, is that when the habit of care or of negligence, as the case may be, has no connection with the specific facts in evidence bearing upon the question of care, evidence of such care or habit is without sufficient probative force to effect the determination of the question * * *"

■ Appellants in their petition plead several grounds of primary negligence against the driver of the truck, and in addition plead the truck company was guilty of negligence on the theory of "negligent entrustment." Appellants alleged the driver was an employee of the truck company and acting within the scope and course of his employment with the truck company at the time of the collision. The appellees stipulated and agreed that this was true and that the doctrine of respondeat superior would apply in this case. Appellees then moved the trial court to strike the allegation as to negligent entrustment which motion was granted and the appellants contend this was error. We are unable to agree with appellants upon this theory. Evidence as to prior accidents, or prior acts of negligence on the part of the driver, would be admissible only to prove the driver was unsafe or incompetent, and not to prove he was negligent on the occasion in question. The theory of negligent entrustment in order to bind the truck company became immaterial as soon as the stipulation as to course of employment was made. There was no issue left to submit to the jury upon which this testimony as to negligent entrustment would be admissible.

■■ In their next point the appellants admit the word "insurance" was not mentioned but contend the statement made by the attorney for appellees in his voir dire examination of the jury panel to the effect that the appellants had filed two suits was error for the reason it suggested insurance to the jury. We do not agree with appellants in their contention. The rule is a reversal will be ordered if counsel has deliberately done something to bring insurance into the picture or where the inference is plain and unmistaken that the defendant is covered by insurance. We find no such plain and unmistaken inference in this case. Herrin Transportation Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245 (W.R.); Rule 434, Texas Rules of Civil Procedure.

One of the appellants' Points of Error complains of the trial courts' refusal to grant a motion for mistrial because of a communication between an insurance adjuster and one of the jurors. There is nothing in the record to show the nature of the communication, or even that there actually was a communication. The trial court did not abuse its discretion in refusing to grant the motion for mistrial under these circumstances. We have been cited no cases holding that reversible error is shown by mere proof that there was some conversation, of an undisclosed nature, between a juror and one of the parties to a trial. Swanson v. Fort Worth Transit Co., Tex. Civ.App., 209 S.W.2d 772.

There are several assignments of error in reference to special issue No. 19 which inquired as to a matter of contributory negligence. We do not find it necessary to consider the merits of these assignments for the reason that all of the issues relating to the primary negligence of the appellees were answered in their favor, and, therefore any error in the manner of submitting issues as to the contributory negligence of the appellant Elmer Patterson is immaterial. No other judgment other than the one in favor of the appellees could have been rendered by the trial court on the verdict, and the errors complained of, if any, are therefore harmless. Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339.

We are of the opinion there was no error on the part of the trial court granting appellees' motion to reshuffle the jury panel as this is expressly authorized by Rule 223, Texas Rules of Civil Procedure. Further, no harm was shown by appellants. Rule 434, Texas Rules of Civil Procedure.

Appellants' next point complains of the actions of the action of the trial court in including on the jury panel a juror drawn from the jury wheel for the preceding week, and excused for the week drawn but directed to appear and serve the following week, when this case was tried. Article 2120, Vernon's Texas Revised Civil Statutes provided:

"The Court may hear any reasonable sworn excuse of a juror, and may release him entirely or until some other day of the term."

We see no reason to limit this statute in its application to jurors selected by a jury commission and not hold that it is likewise applicable to jurors selected from a jury wheel.

In their last point appellants complain of the action of the trial court in failing to grant their motion for new trial because the verdict of the jury was contrary to the overwhelming weight and preponderance of the evidence. The court's charge in this case contained 27 special issues. This point is too general to present anything for review. Minchen v. First National Bank of Alpine, Tex.Civ.App., 263 S.W.2d 601 (Ref. N.R.E.).

The judgment is affirmed.